## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Selena Jones, | No. 10-C-0008 |
| Plaintiff, | Judge James F. Holderman |
| v. | |
| U.S. Bank, N.A., *as Trustee*, et al., | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS U.S. BANK, N.A., *AS TRUSTEE OF CREDIT SUISSE 2004-AA1*, AND AMERICA'S SERVICING COMPANY MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Lucia Nale
Michelle V. Dohra
James V. Hart
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606

*Attorneys for Defendants U.S. Bank, N.A. and America's Servicing Company*

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................ i

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION ...................................................................................................... 1

STANDARD OF REVIEW ...................................................................................... 3

ARGUMENT ............................................................................................................... 4

I.    COUNT I FAILS TO ADEQUATELY ALLEGE ANY OF THE NECESSARY ELEMENTS OF RICO AND SHOULD BE DISMISSED. ............................................. 4

   A.    Plaintiff Cannot Allege an "Enterprise" Subject To Liability Under RICO............ 4

   B.    Plaintiff Does Not Allege That Defendants' Alleged Actions Constitute a "Pattern of Racketeering Activity" Within the Meaning of RICO. ........................................ 5

II.    COUNT II AGAINST US BANK MUST BE DISMISSED BECAUSE PLAINTIFF'S FIRST LOAN WAS A RESIDENTIAL MORTGAGE TRANSACTION NOT SUBJECT TO RESCISSION UNDER TILA. ........................................................................ 6

III.    COUNT III OF PLAINTIFF'S COMPLAINT FAILS TO ADEQUATELY ALLEGE A RESPA VIOLATION AGAINST ASC. ................................................... 8

IV.    COUNT VIII FAILS TO STATE A CLAIM FOR VIOLATION OF THE FDCPA. 10

   A.    Defendants US Bank and ASC Are Not Debt Collectors under the FDCPA. ........ 10

   B.    Count VIII Against US Bank and ASC Should Also Be Dismissed Based on the Statute of Limitations, the *Rooker-Feldman* Doctrine, and Res Judicata.............. 11

V.    COUNT IX FAILS TO STATE A CLAIM AGAINST ASC FOR VIOLATION OF THE FCRA. ................................................................................................................. 13

CONCLUSION ......................................................................................................... 15

i

## <u>TABLE OF AUTHORITIES</u>

### Cases

*Ackerman v. Nw. Mutual Life Ins. Co.*, 172 F.3d 467 (7th Cir. 1999)..........................................3

*Aguilar v. Cabrillo Mortgage*, 2010 WL 1909547 (S.D. Cal. May 11, 2010) ..............................9

*Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937 (2009)...........................................................3, 5, 9

*Bailey v. Security Nat'l Servicing Corp.*, 154 F.3d 384 (7th Cir. 1998) ........................................11

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)........................................................3, 5, 9

*Beth-El All Nations Church v. City of Chicago*, 486 F.3d 286 (7th Cir. 2007) ............................12

*Bridges v. Gilbert*, 557 F.3d 541 (7th Cir. 2009)....................................................................3

*Briggs v. Provident Bank*, 349 F.Supp.2d 1124 (N.D. Ill. 2004).................................................7

*Brumberger v. Sallie Mae Servicing Corp.*, 84 Fed. Appx. 458 (5th Cir. Jan. 7, 2004)...............11

*Crichton v. Golden Rule Ins. Co.*, 576 F.3d 392 (7th Cir. 2009)...............................................4

*Davis v. Wells Fargo Bank*, 2008 WL 1775481 (N.D. Ill. April 17, 2008)....................................6

*Dumas v. Dovenuehle Mort. Inc.*, 2005 WL 1528262 (N.D. Ill. June 23, 2005).........................14

*Espinoza v. Bank of America, N.A.*, 2010 WL 2012475 (S.D.Cal. May 17, 2010) .......................9

*Gamboa v. Velez*, 457 F.3d 703 (7th Cir.2006) ........................................................................4

*Goren v. New Vision Int'l, Inc.*, 156 F.3d 721 (7th Cir. 1998)............................................3, 4

*Heuer v. Forest Hill State Bank*, 894 F.2d 402 (Table) (4th Cir. 1990) ......................................7

*J.D. Marshall International, Inc. v. Redstart*, 935 F.2d 815 (7th Cir. 1991)..................................6

*James v. Olympus Servicing, L.P.*, 2002 WL 31307540 (N.D. Ill. Oct. 9, 2002)...........................9

*Jones v. U.S. Bank, N.A., as Trustee*, 10 CV 00008 (N.D. Ill. Mar. 19, 2010)..............................2

*Lachmund v. ADM Investor Services, Inc.*, 191 F.3d 777 (7th Cir. 1999) ....................................5

*Reves v. Ernst & Young*, 507 U.S. 170 (1993).........................................................................5

*Rollins v. Peoples Gas Light & Coke Co.*, 379 F.Supp.2d 964 (N.D. Ill. 2005) ..........................14

*Singh v. Wash. Mut. Bank*, 2009 WL 2588885 (N.D.Cal. Aug.19, 2009) ....................................9

*Slaney v. International Amateur Athletic Federation*, 244 F.3d 580 (7th Cir. 2001) .....................4

*Spencer v. Mortgage Acceptance Corp.*, 2006 WL 1302413 (N.D. Ill. May 4, 2006)..................12

*Stachon v. United Consumers Club, Inc.*, 229 F.3d 673 (7th Cir. 2000) .....................................5

*Tulumbuta v. Wilmington Finance, Inc.*, 2010 WL 1791271 (N.D. Ill. May 3, 2010)..................8

*US Bank N.A., as Trustee v. Poole*, 05 CH 006541 (Ill. Cir. Ct. June 9, 2008)............................13

*Wade v. Hopper*, 993 F.2d 1246 (7th Cir. 1993) .....................................................................6

*Whitaker v. Ameritech Corp.*, 129 F.3d 952 (7th Cir.1998) ....................................................13

**Statutes**

12 U.S.C. § 2605 .................................................................................................. 2

12 U.S.C. § 2605(e) ............................................................................................. 8

12 U.S.C. § 2605(e)(1)(B) .................................................................................. 8

12 U.S.C. § 2605(f) ............................................................................................. 9

15 U.S.C. § 1601 ................................................................................................. 6

15 U.S.C. § 1635(b) ............................................................................................ 1

15 U.S.C. § 1640(e) ............................................................................................ 8

15 U.S.C. § 1681i(a)(2) ...................................................................................... 14

15 U.S.C. § 1681s-2(a) ....................................................................................... 14

15 U.S.C. § 1681s-2(b) ....................................................................................... 14

15 U.S.C. § 1691 ................................................................................................. 2

15 U.S.C. § 1692 ................................................................................................. 1

15 U.S.C. § 1692(e) ............................................................................................ 10

15 U.S.C. § 1692a(4) .......................................................................................... 10

15 U.S.C. § 1692a(6) .......................................................................................... 11

15 U.S.C. § 1692a(6)(F) ..................................................................................... 10, 11

15 U.S.C. § 1692k(d) .......................................................................................... 12

Regulation X, 24 C.F.R. § 3500.21(e) ............................................................... 8

Regulation X, 24 C.F.R. § 3500.21(e)(2)(i) ...................................................... 8

Regulation Z, 12 C.F.R. § 226.18 ...................................................................... 7

Regulation Z, 12 C.F.R. § 226.2(24) ................................................................. 7

Regulation Z, 12 C.F.R. § 226.23(f) .................................................................. 7

**Rules**

Fed.R.Civ.P. 12(b)(6) .......................................................................................... 3

Fed.R.Civ.P. 9(b) ................................................................................................ 3

Defendants U.S. Bank, N.A., as Trustee for Credit Suisse 2004-AA1 ("US Bank"), and Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A., d/b/a America's Service Company ("ASC"), by and through their attorneys, submits this memorandum of law in support of their motion to dismiss all counts against them in Plaintiff Selena Jones's ("Plaintiff's") Amended Verified Complaint (the "Complaint") in accordance with Rule 9(b) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## INTRODUCTION

This suit arises out of the defaulted and foreclosed mortgage of Plaintiff Selena Jones. On August 6, 2004, Plaintiff executed two mortgages to help her purchase the property located at 3622 Cherry Hill Drive, Flossmoor, Illinois 60422 (the "Property"). The first loan was in the amount of $155,200 ("First Loan") and the second loan was in the amount of $38,800 ("Second Loan"). Compl. ¶¶ 32-33. On April 12, 2005, US Bank initiated a foreclosure action against Plaintiff in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, Case No. 2005-CH-06541, based on Plaintiff's default on the First Loan. Compl. ¶ 68. After a foreclosure proceeding, US Bank was granted summary judgment and in January 2010, US Bank purchased Plaintiff's home in a sheriff's sale. Compl. ¶¶ 74, 77. In response, Plaintiff filed this lawsuit, asserting a variety of federal claims against parties involved in the foreclosure action.

Plaintiff claims that Defendant US Bank, the trustee of a secured mortgage investment vehicle known as "Credit Suisse First Boston 2004-AA1," which holds Plaintiff's mortgage, violated the Racketeer Influenced & Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.* (Count I); failed to provide Plaintiff a rescission of her loan under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635(b) (Count II); and violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, by, *inter alia*, initiating foreclosure proceedings against Plaintiff (Count VIII). Plaintiff further claims that Defendant ASC, the servicer of Plaintiff's

1

First Loan, also violated RICO (Count I); violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, by failing to respond to purported "qualified written requests" tendered to ASC (Count III); and also violated the FDCPA (Count VIII) and Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1691 *et seq.* (Count IX). Plaintiff's Fourth, Fifth, and Sixth Causes of Action, which sought to vacate the judgment of foreclosure, set aside the foreclosure sale, and quiet title to the Property, were previously dismissed *sua sponte* by this Court for lack of jurisdiction under the *Rooker-Feldman* doctrine. *See* Statement, *Jones v. U.S. Bank, N.A., as Trustee*, 10 CV 00008, Docket # 20, at 2 (N.D. Ill. Mar. 19, 2010).

As set forth below, the Complaint fails to state a claim against either Defendant. In Count I, Plaintiff has failed to adequately allege any of the necessary elements of participation in a RICO enterprise for either US Bank or ASC. In Count II, because Plaintiff requested and used the First Loan to purchase the Property, the origination of that loan is a "residential mortgage transaction" not subject to rescission under TILA. In Count III, Plaintiff has not alleged sufficient facts to support her claim that a "qualified written request" was tendered to Defendant ASC and, therefore, her RESPA claim must fail. In Count VIII, Plaintiff's FDCPA claim is premised on erroneous assumption that Defendants US Bank and ASC are "debt collectors" within the meaning of the Act, which by law they are not. Furthermore, even if US Bank or ASC were debt collectors under the FDCPA, Plaintiff's FDCPA claim is premised on US Bank's purported lack of authority to pursue foreclosure of Plaintiff's Property. US Bank's authority to take that action was part and parcel of the Illinois State Court's granting US Bank summary judgment on foreclosure and, therefore, Plaintiff's FDCPA claim is an improper attack on the State Court's judgment under the *Rooker-Feldman* doctrine or *res judicata*. Finally, in Count IX, Plaintiff has failed to allege that she contested ASC's reporting on her loan to credit reporting

2

agencies, which is a prerequisite to any action brought under Section 1681s-2(b) of the FCRA. For the reasons set forth below, all five counts against US Bank and ASC, Counts I-III and VIII-IX, should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b).

## STANDARD OF REVIEW

Dismissal of a plaintiff's complaint is appropriate where a plaintiff has failed "to give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed.R.Civ.P. 12(b)(6). Pro se complaints are construed liberally. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Under *Twombly*, a plaintiff is obligated to provide the actual grounds of its entitlement to relief, and that requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. For allegations that do not assert fraud, a plaintiff need not plead specifics, but the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. *See also George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009). However, the Court is not required to accept as true legal conclusions or unsupported conclusions of fact, *id.* at 1949-50. Allegations of fraud, such as those alleged in Count I (Plaintiff's RICO claim), are subject a complaint to the heightened pleading standards set forth in Rule 9(b). Rule 9(b) requires a plaintiff to plead averments of fraud with particularity. *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 726 (7th Cir. 1998). To satisfy Rule 9(b)'s particularity requirement, a plaintiff must describe "the who, what, where, and when of the alleged fraud." *Ackerman v. Nw. Mutual Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999). On their face, the pleadings in Plaintiff's complaint are fatally deficient and Plaintiff's complaint fails to meet the standards of Rules 9(b) and 12(b)(6).

3

## ARGUMENT

I.   **COUNT I FAILS TO ADEQUATELY ALLEGE ANY OF THE NECESSARY ELEMENTS OF RICO AND SHOULD BE DISMISSED.**

Count I broadly alleges that the common business practice of bundling mortgage debt into securitized investment vehicles was, and is, a nationwide conspiracy that used Plaintiff's purported good debt to hide other "toxic waste mortgages." *See* Compl. ¶¶ 93-105. Whatever this collection of allegations is, it is not a valid RICO claim, and should be dismissed.

A RICO claim is a unique cause of action that does not concern all instances of wrongdoing, but focuses on the limited purpose of "eradicating organized, long-term, habitual criminal activity." *Gamboa v. Velez,* 457 F.3d 703, 705 (7th Cir.2006). To adequately state a claim under RICO, plaintiff must allege: (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity. *Slaney v. International Amateur Athletic Federation*, 244 F.3d 580, 597 (7th Cir. 2001). Where, as here, the predicate acts alleged involve mail and wire fraud, *see* Compl. ¶ 81, the heightened pleading requirements of Rule 9(b) apply, requiring Plaintiff to state "with particularity the circumstances constituting fraud." *See Goren*, 156 F.3d at 727. Furthermore, "in a multiple defendant case, Rule 9(b) requires a RICO plaintiff to plead sufficient facts to notify each defendant of his alleged participation in the scheme." *Id.* at 726. This Plaintiff has not done.

A.   **Plaintiff Cannot Allege an "Enterprise" Subject To Liability Under RICO.**

Plaintiff's allegations regarding the RICO elements are wholly inadequate because Plaintiff has failed to allege an enterprise. The Seventh Circuit has made clear that "[a] RICO complaint must identify the enterprise." *Crichton v. Golden Rule Ins. Co.*, 576 F.3d 392, 398 (7th Cir. 2009). Plaintiff's allegations do not describe the organizational structure or hierarchy for the alleged enterprise. *See Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675-77 (7th Cir.

4

2000). Nor does Plaintiff describe what role each of the defendants supposedly had in the purported enterprise. In addition, with respect to each defendant, Plaintiff must plead and prove that that defendants took some part in directing or conducting the alleged "enterprise" such that it participated in the operation or management of the enterprise itself. *Reves v. Ernst & Young,* 507 U.S. 170, 179 (1993). Instead, Plaintiff's conclusory allegations merely track the text-book requirements of an enterprise under RICO; this sort of "a formulaic recitation of the elements of a cause of action will not do." *Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly*).

**B.    Plaintiff Does Not Allege That Defendants' Alleged Actions Constitute a "Pattern of Racketeering Activity" Within the Meaning of RICO.**

Plaintiff's threadbare account of the defendants' supposed RICO violations also fails to identify what predicate acts US Bank, ASC or the other defendants are thought to have committed. In support of her allegations of racketeering, Plaintiff generically states that "Defendants committed acts of extortionate credit transactions and mail fraud/wire fraud," but fails to identify what those acts would be or which defendants committed which acts. Compl. ¶¶ 81, 80. The Seventh Circuit has held that the heightened pleading requirements of Rule 9(b) apply to allegations of fraud in a civil RICO complaint. *See Lachmund v. ADM Investor Services, Inc.,* 191 F.3d 777, 784 (7th Cir. 1999). "Therefore, to plead adequately a pattern of racketeering activity, a plaintiff must allege with particularity two predicate acts." *Id.* Plaintiff cannot merely allege vague and generalized statements by the defendants collectively. Instead, the Complaint must be specific "with respect to the time, place and content of the alleged false representations, the method by which the misrepresentations were communicated, and the identities of the parties to those misrepresentations." *Id.; see also Jennings,* 910 F.2d at 1438 ("bare legal conclusions unsupported by sufficient factual detail" inadequate to state RICO claim). Plaintiff's allegations against each of the defendants clearly fail to satisfy this standard. *See Davis v. Wells Fargo*

5

*Bank*, 2008 WL 1775481 (N.D. Ill. April 17, 2008) (dismissing RICO claim where plaintiff's complaint "simply states, in conclusory fashion, that Defendants' actions constitute a pattern of racketeering activity, without identifying which predicate acts the Defendants have engaged in"). Accordingly, Count I of the Complaint should be dismissed.

Even if Plaintiff's conclusory allegations of fraudulent and extortionate (but undefined) "acts" were somehow enough to satisfy Rule 9(b), they are not enough to constitute "a pattern" of racketeering activity under the RICO statute. To establish the requisite pattern of criminal conduct, a plaintiff must allege facts that suggest "long-term criminal conduct, not … short-lived episodes unlikely to be repeated." *Wade v. Hopper*, 993 F.2d 1246, 1251 (7th Cir. 1993). Plaintiff's allegations fail to do so and, at best, allege a single scheme directed at a single victim and resulting in a single injury. *See* Compl. ¶¶ 82, 91 (alleging a scheme devised by Defendants to induce reliance by Plaintiff); ¶ 92 ("The actions of the Defendants were committed intentionally, willfully, wantonly, and with reckless disregard for the rights of the Plaintiff"). Plaintiff has thus failed to allege facts which suggest "the existence of a genuine threat of continued criminal activity." *J.D. Marshall International, Inc. v. Redstart*, 935 F.2d 815, 821 (7th Cir. 1991). Count I of Plaintiff's Complaint should be dismissed on this basis as well. *See Wade*, 993 F.2d at 1251 (dismissing RICO claim where complaint alleged a short-term scheme with a single victim).

## II. COUNT II AGAINST US BANK MUST BE DISMISSED BECAUSE PLAINTIFF'S FIRST LOAN WAS A RESIDENTIAL MORTGAGE TRANSACTION NOT SUBJECT TO RESCISSION UNDER TILA.

The stated purpose of the Truth in Lending Act ("TILA") is to ensure that consumers have adequate information to make informed decisions regarding their use of credit. *See* 15 U.S.C. § 1601. To effectuate this purpose, TILA requires lenders to make disclosures to consumers that vary depending on the type of credit sought by the customer and by the terms of

6

that credit. *See e.g.*, Regulation Z, 12 C.F.R. § 226.18 (identifying disclosure requirements for closed-credit transactions like Plaintiff's). As Plaintiff acknowledges, she purchased the Property from its prior owner on August 6, 2004. *See* Compl. ¶ 51 (Plaintiff was seeking financing "so Plaintiff could purchase a home"). Therefore, Plaintiff's characterization of these loans with Aames as "refinance[s]" (Compl. ¶¶ 32-33, 112) is incorrect. *See also* Exhibit A, (copy of August 6, 2004 deed recorded with Cook County Recorder of Deeds showing Property transfer from prior owner to Plaintiff).[1] As such, her credit transaction is properly considered a residential mortgage transaction. *See* Regulation Z, 12 C.F.R. § 226.2(24) ("*Residential mortgage transaction* means a transaction in which a mortgage … is created or retained in the consumer's principal dwelling to finance the acquisition or initial construction of that dwelling").

Since Plaintiff's First Loan was a residential mortgage transaction, Plaintiff was never entitled to a rescission. *See* Regulation Z, 12 C.F.R. § 226.23(f) ("The right to rescind does not apply to the following: (1) A residential mortgage transaction…."). *See also Briggs v. Provident Bank*, 349 F.Supp.2d 1124, 1130 (N.D. Ill. 2004) (dismissing TILA rescission claim where loan plaintiff sought to rescind was a "residential mortgage transaction" as to him and therefore exempt from rescission); *accord Heuer v. Forest Hill State Bank*, 894 F.2d 402 (Table), *2 (4th Cir. 1990) ("Since residential mortgage transactions are exempt from the requirement that the lender provide a three-day right of rescission, the district court correctly dismissed the Truth in Lending Act claim."). Accordingly, Plaintiff's claimed attempt to cancel the Loans four days after they were originated (*see* Compl. ¶¶ 63-64), and efforts to unwind the transaction now – six years and one foreclosure sale too late – are without effect and Count II should be dismissed.

---

[1] In support of a motion to dismiss, "the court may take judicial notice of matters of public record including records and reports of administrative agencies" without converting the motion into a motion for summary judgment. *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991).

7

In addition, Plaintiff cannot base her request for recovery from US Bank upon Aames' alleged failure to provide her proper disclosures at the time the loans were originated in August 2004. Even assuming for purposes of this motion that Plaintiff did not receive her TILA disclosures, Plaintiff's TILA claim would be time-barred by the applicable statute of repose. *See* 15 U.S.C. § 1640(e) ("Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation."); *see also Tulumbuta v. Wilmington Finance, Inc.*, 2010 WL 1791271, *1 (N.D. Ill. May 3, 2010) (dismissing TILA claim where "homebuyers brought this action ... far beyond the one-year limitations period allowed under TILA"). Count II of Plaintiff's Complaint should be dismissed.

## III.  COUNT III OF PLAINTIFF'S COMPLAINT FAILS TO ADEQUATELY ALLEGE A RESPA VIOLATION AGAINST ASC.

Section 2605 of RESPA relates to the disclosures and communications required regarding the servicing of mortgage loans, and provides that loan servicers have a duty to respond to "qualified written requests" from borrowers asking for information relating to the servicing of their loan. 12 U.S.C. § 2605(e); *see also* Regulation X, 24 C.F.R. § 3500.21(e). Plaintiff claims that ASC violated this provision by failing to respond to an alleged pair of "qualified written request[s]" that "request[ed] information on the statute of the alleged default and the reasons for the rejection of payments." Compl. ¶¶ 119-123. Copies of these letters were not attached to the Complaint, and the Complaint provides no details regarding when or to whom the requests were sent, how Plaintiff's alleged correspondence related to the "servicing" of the loan, or whether it included "sufficient detail ... regarding other information sought by the borrower," as required by RESPA. 12 U.S.C. § 2605(e)(1)(B); *see also* Regulation X, 24 C.F.R. § 3500.21(e)(2)(i). Absent a copy of the correspondence or adequate identification of its contents, Plaintiff has

failed to provide adequate notice of the claim against ASC, and has failed to state a cause of action on which any relief could be plausibly granted. *See James v. Olympus Servicing, L.P.*, 2002 WL 31307540, *4 (N.D. Ill. Oct. 9, 2002) (dismissing RESPA claim where Complaint contained "no allegations as to what particular conduct of [defendant] violated RESPA or how"); *Aguilar v. Cabrillo Mortgage*, 2010 WL 1909547, *3 (S.D. Cal. May 11, 2010) ("In the absence of an actual letter, this conclusory recitation of generic demands does not 'raise a right to relief above the speculative level'") (quoting *Twombly*, 550 U.S. at 555). *See also Espinoza v. Bank of America, N.A.*, 2010 WL 2012475, *4 (S.D.Cal. May 17, 2010) (dismissing RESPA claim where claim "assumes but does not demonstrate that the document sent to Defendant was a QWR").

Additionally, Plaintiff's threadbare allegations fail to allege any injury suffered as a result of ASC's non-response – a required element of Plaintiff's RESPA claim. *See* 12 U.S.C. § 2605(f). This pleading requirement effectively limits this cause of action to circumstances where plaintiffs can show that a failure to respond or give notice has caused them actual harm. *See Singh v. Wash. Mut. Bank*, 2009 WL 2588885, *5 (N.D.Cal. Aug.19, 2009) (dismissing RESPA claim because, "[i]n particular, plaintiffs have failed to allege any facts in support of their conclusory allegation that as a result of defendants' failure to respond, defendants are liable for actual damages, costs, and attorney fees"). Plaintiff has not offered any facts to support the inference that ASC's failure to respond to the alleged written requests resulted in any injury whatsoever. The statement that Plaintiff has "suffered damages in an amount to be determined at trial" is insufficient. *Id.*; *see* Compl. ¶ 125. Indeed, this conclusory allegation is precisely the sort of element-pleading foreclosed under *Iqbal. See* 129 S.Ct. at 1949 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (quoting *Twombly*).

## IV. COUNT VIII FAILS TO STATE A CLAIM FOR VIOLATION OF THE FDCPA.

Plaintiff alleges in Count VIII that certain Defendants violated the Fair Debt Collection Practices Act ("FDCPA") by attempting to collect payment from her. *See* Compl. ¶¶ 161, 166-171. As with Plaintiff's RESPA claim, Plaintiff's FDCPA claim is devoid of the sort of factual detail necessary to properly alert the Defendants to what is being alleged. Plaintiff's statement, for example, that she "sent debt dispute letters to Defendants and Defendants continued debt collection attempts" (Compl. ¶ 166) doesn't identify when or to whom these letters were sent, or what Plaintiff claims to have disputed. Otherwise, Plaintiff's allegations of "unfair and unconscionable means" appear to turn on the mistaken belief that she did not owe any money to Defendants on her mortgages, despite receiving from Aames the monies necessary to purchase the Property as her home. *See* Compl. ¶¶ 166-171.

### A. Defendants US Bank and ASC Are Not Debt Collectors under the FDCPA.

The FDCPA was enacted "to eliminate abusive debt practices by debt collectors...." 15 U.S.C. § 1692(e). The FDCPA distinguishes between "debt collectors" who are covered by the Act and "creditors" who are specifically excluded under the Act. The term "debt collector" is defined as "any person ... in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." It expressly excludes "person[s] collecting or attempting to collect any debt owed ... to the extent such activity ... concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F). A "creditor," however, is broadly defined as one who "offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4). These categories are mutually exclusive under the Act.

US Bank and ASC are not "debt collectors" within the meaning of the FDCPA. Plaintiff does not – and cannot – include any allegation that US Bank, one of the nation's largest banks

10

and mortgage lenders, is "principal[ly]" in the business of collecting debts owed to it or others. *Cf.* 15 U.S.C. § 1692a(6). Indeed, Plaintiff does not even allege US Bank was directly involved in the collection of her debts, alleging instead that defendant Codilis & Associates filed the foreclosure suit on US Bank's behalf. *See* Compl. ¶ 127. With respect to Defendant ASC, Plaintiff admits that Aames never serviced the First Loan and that ASC "was the mortgage servicer for the First Loan." Compl. ¶ 11. Plaintiff does not allege that her loan was in default at the time ASC acquired the servicing rights to her First Loan; nor could she without alleging nonsensically that the First Loan was in default at origination. Because Plaintiff's First Loan was not in default at the time ASC began servicing the First Loan, ASC is also not a "debt collector" and the FDCPA does not apply. *See, e.g. Bailey v. Security Nat'l Servicing Corp.*, 154 F.3d 384, 387 (7th Cir. 1998); *Brumberger v. Sallie Mae Servicing Corp.*, 84 Fed. Appx. 458, 459 (5th Cir. Jan. 7, 2004) (dismissing FDCPA claim where plaintiff did not allege he was in default when defendant Sallie Mae began servicing his loans); *see also* 15 U.S.C. § 1692a(6)(F) (excluding from the FDCPA persons collecting debts that were not in default when obtained).

## B. Count VIII Against US Bank and ASC Should Also Be Dismissed Based on the Statute of Limitations, the *Rooker-Feldman* Doctrine, and Res Judicata.

Regardless of whether US Bank was subject to the FDCPA as a "debt collector," Plaintiff's claim against are also properly barred under the relevant statute of limitations, the *Rooker-Feldman* doctrine, and res judicata. Plaintiff's FDCPA claim is that Defendants' collection efforts were "unconscionable" because she did not "owe" the debt to them. Plaintiff claims, for example, that US Bank lacked any interest in her mortgage loans, *see* Compl.¶¶ 68-75 (US Bank not a party to the mortgage debt), and therefore lacked the power to foreclose on her Property. *See* Compl. ¶¶ 164-170 (US Bank violated FDCPA by, among other things, instituting foreclosure proceedings). Notably, Plaintiff does not allege that the *content* of any of

11

Defendants' debt collection requests was improper; her claim turns entirely on whether the debt was properly recoverable by US Bank. *Id.*

Given these allegations, Plaintiff's Count VIII cannot survive a motion to dismiss. First, to the extent Plaintiff seeks to recover under the FDCPA based on pre-foreclosure collection efforts and the initiation of the foreclosure suit, her claim is time-barred. The Complaint acknowledges that US Bank instituted its foreclosure suit on April 12, 2005, and was granted summary judgment on June 9, 2008. Compl. ¶¶ 68, 74. The FDCPA imposes a jurisdictional one-year statute of repose following a "violation." *See* 15 U.S.C. § 1692k(d). Plaintiff filed suit on January 22, 2010, meaning any alleged violation arising before January 22, 2009 (including those related to the "institution" of foreclosure proceedings) are not properly before the Court.

Second, Plaintiff's allegation that US Bank (and its agents) lacked the authority to collect on her mortgage debt and foreclose on the Property run directly afoul of the State Court's determination that US Bank *could* do so. Plaintiff had every opportunity to contest US Bank's interest in and power to foreclose on her mortgage in the State Court foreclosure proceedings, where she was represented by counsel. In entering the foreclosure judgment, the State Court necessarily rejected Plaintiff's claims and defenses to the contrary. Regardless of whether this is characterized as an issue of *Rooker-Feldman* or *res judicata*, it is fatal to Count VIII.

*Rooker-Feldman* prevents federal courts from collaterally reviewing state court decisions; barring federal claims in cases where the plaintiff is asking for federal review and rejection of a state court judgment, as well as where the federal claim is "inextricably intertwined" with the state court decision. *See Beth-El All Nations Church v. City of Chicago*, 486 F.3d 286, 292 (7th Cir. 2007). In *Spencer v. Mortgage Acceptance Corp.*, 2006 WL 1302413, *4 (N.D. Ill. May 4, 2006), the plaintiff raised claims similar to Plaintiff's under FDCPA, FCRA and TILA, alleging

that the foreclosure proceedings instituted by defendants were invalid and that defendants therefore lacked the authority to seek recovery of any debt from him. The district court disagreed, concluding that the plaintiff's claims were functionally collateral attacks to the state court determination that the foreclosure was valid, and barred the claims under *Rooker-Feldman*. Likewise, Plaintiff's FDCPA action is premised on her mistaken belief that US Bank cannot recover against the mortgages on her Property. That is directly contrary to the State Court's conclusion in the foreclosure proceeding, which held that "[a]ll the material allegations of the Complaint [filed on US Bank's behalf] … are true and proven" and permitted US Bank to foreclose. *See US Bank N.A., as Trustee v. Poole*, 05 CH 006541 (Ill. Cir. Ct. June 9, 2008) (Judgment for Foreclosure and Sale at 1 and Order for Summary Judgment, attached as Exhibit B). Because Plaintiff's FDCPA claim seeks to reopen the resolved question of US Bank's foreclosure in State Court, it is properly barred under *Rooker-Feldman*.

Alternatively, *res judicata* bars Plaintiff's FDCPA claim. Under Illinois law, *res judicata* bars relitigation of "all questions actually decided in a previous action as well as to all grounds of recovery and defenses which might have been presented in the prior litigation." *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 955-56 (7th Cir.1998). A subsequent action is barred by *res judicata* upon the finding that: "(1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there is an identity of cause of action; and (3) there is an identity of parties or their privies." *Id.* at 956. Each of these conditions is met here and Plaintiff could have contested the validity of US Bank's foreclosure proceedings in State Court, but failed to do so.

## V. COUNT IX FAILS TO STATE A CLAIM AGAINST ASC FOR VIOLATION OF THE FCRA.

Finally, Plaintiff alleges that ASC violated Section 1681s-2(b) of the Fair Credit Reporting Act ("FCRA") by "mak[ing] false statements to credit bureaus and neglect[ing] to

13

make true statements to credit bureaus" regarding her debt obligations. *See* Compl. ¶¶ 172-174. Plaintiff also alleges that ASC is a "furnisher of information" to credit reporting agencies and therefore subject to the FCRA. Compl. ¶ 172.

But Section 1681s-2(b) does not apply to furnishers of information who, as here, are only alleged to have made false statements to credit reporting agencies without any notice that such information has been disputed. [2] Instead, Section 1681s-2(b) imposes a duty to act on "furnishers of information" *only after* the furnisher has been notified by a consumer credit reporting agency of a consumer's dispute with the information furnished. *See Rollins v. Peoples Gas Light & Coke Co.*, 379 F.Supp.2d 964, 967 (N.D. Ill. 2005); *see also* 15 U.S.C. § 1681s-2(b) (describing actions a furnisher of information must take "[a]fter receiving notice pursuant to section 1681i(a)(2) of this title); *Id.* at § 1681i(a)(2) (requiring a credit reporting agency to "provide notification of the dispute to any person who provided any item of information in dispute").

Nowhere in the Complaint does Plaintiff allege that she filed any dispute with the credit reporting agencies, nor does she allege that the credit reporting agencies provided notice to ASC regarding those disputes. As with Plaintiff's other claims, copies of any correspondence were not attached to the Complaint. Absent some claim that Plaintiff triggered ASC's obligations by contacting the appropriate credit reporting agencies, she is not entitled to relief and Count IX is properly dismissed. *Cf. Rollins*, 379 F.Supp.2d at 967 (dismissing Section 1681s-2(b) claim where plaintiff alleged no reporting by credit reporting agencies to furnisher of information).

---

[2] Plaintiff's claim that Defendants made false statements to credit bureaus more closely tracks the requirements of Section 1681s-2(a). 15 U.S.C. § 1681s-2(a). But this does not help Plaintiff's Complaint because there is no private right of action under that section. *Dumas v. Dovenuehle Mort. Inc.*, 2005 WL 1528262, *5 (N.D. Ill. June 23, 2005).

## CONCLUSION

For the reasons set forth above, Defendants US Bank and ASC respectfully request that Counts I, II, III, VIII, and IX be dismissed as against them.

Dated: June 18, 2010

Respectfully submitted

By: /s/ Michelle Dohra

Lucia Nale
Michelle V. Dohra
James V. Hart
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606

*Attorneys for Defendants U.S. Bank, N.A. and America's Servicing Company*

15

**WARRANTY DEED)**
Statutory (Illinois)
(Individual to Individual)

THE GRANTOR:
Damion R. Gibson married to
Tasha L. Gibson,
3622 Cherry Hills Drive
Flossmoor, IL 60422



Doc#: 0425214045
Eugene "Gene" Moore  Fee: $26.00
Cook County Recorder of Deeds
Date: 09/08/2004 08:19 AM Pg: 1 of 2

**Above Space for Recorder's use only**

For and in consideration of Ten Dollars AND no/100 ($10.00)

CONVEY (S) and WARRANT(S) to

Selena Poole;

STEWART TITLE OF ILLINOIS
2 NORTH LaSALLE STREET, SUITE 1920
CHICAGO, IL 60602

The following described Real Estate in the County of Cook, State of Illinois, by virtue of the Homestead Exemption Laws of the State of Illinois.  To wit:

LOT 18 IN BLOCK 4 IN FLOSSMOOR HILLS, BEING A SUBDIVISION OF THAT PART OF THE EAST HALF OF THE SOUTHWEST QUARTER OF SECTION 2, TOWNSHIP 35 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERDIAN, IN COOK COUNTY, ILLIONIS.

Permanent Real Estate Number: 31-02-324-005-0000 (Volume Number 178)

Address of Real Estate:  3622 West Cherry Hills Drive, Flossmoor, IL 60422

Dated this __6th__ day of August 2004.

_____ (SEAL)        _____ (SEAL)   as Attorney in fact
Damion R. Gibson                    Tasha L. Gibson

**Exhibit A**

0425214045 Page 2 of 2





State of Illinois   ) ss
County of Cook   )

I the undersigned, a Notary Public in and for said County, in the State aforesaid DO HEREBY CERTIFY that Damion R. Gibson and Tasha L. Gibson, personally known to me to be the same persons whose name is subscribed to the foregoing instrument, appeared before me this day in person, and acknowledged that they signed, sealed and delivered the said instrument as their free and voluntary act, for the use and purposes therein set forth, including the release and waiver of the right of homestead.

Given under my hand and seal this 5th day of August 2004.

Commission expires 6 April 2005

Notary Public

This instrument prepared by: Kim L. Sorrells; Attorney at Law;
812 Central Avenue; Matteson, IL 60443

OFFICIAL SEAL
Kim L. Sorrells
Notary Public State of Illinois
My Commission Exp. 04/01/2005

MAIL TO:

_Damion Gibson_
(Name)

_26200 S. Cherry Hill Drive_
(Address)

_Flossmoor, IL 60422_
(City, State and Zip)

SEND SUBSEQUENT TAX BILLS TO:

Calendar Number 56

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION

US Bank National Association, as Trustee for Credit
Suisse First Boston 2004-AA1
PLAINTIFF

Vs.

No. 05 CH 006541

Selena Poole a/k/a Selena R. Poole; et. al.
DEFENDANTS

ORDER FOR SUMMARY JUDGMENT

This matter coming to be heard on Plaintiff's Motion for Summary Judgment, Defendant(s) having
Answered Plaintiff's Complaint to Foreclose Mortgage, the Court having reviewed said Answer and
determining that said Answer, as pleaded without sufficient supporting documentation, does not
raise a genuine issue of material fact sufficient to preclude the entry of Summary Judgment in favor
of Plaintiff, the Court being otherwise duly advised in the premises;

NOW, THEREFORE, IT IS ORDERED:

Plaintiff's Motion for Summary Judgment is granted.  Summary Judgment and Judgment of
Foreclosure and Sale is hereby entered in favor of Plaintiff and against the following Defendants:

Selena Poole a/k/a Selena R. Poole.

ENTERED: _____ ENTERED

Judge

DATE: _____ JUN 0 9 2008

JUDGE
CAROLYN G. QUINN - 1830

Codilis & Associates, P.C.
Attorneys for Plaintiff
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
14-05-3726

**Exhibit B**

Calendar Number 56
Cook County ID #21762

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION

US Bank National Association, as Trustee for Credit
Suisse First Boston 2004-AA1
                    PLAINTIFF

            Vs.                                     No. 05 CH 006541

Selena Poole a/k/a Selena R. Poole; et. al.
                    DEFENDANTS

## JUDGMENT FOR FORECLOSURE AND SALE

THIS CAUSE having been duly heard by this Court upon the record herein on the merits of the
Complaint for Foreclosure filed by the Plaintiff and on Plaintiff's Motion for entry of Judgment for
Foreclosure and Sale, (hereinafter referred to as Judgment) the Court

FINDS:

(1) **JURISDICTION:** The Court has jurisdiction over the parties hereto and the subject matter
hereof.

(2) **ALLEGATIONS PROVEN:** This Judgment is fully dispositive of the interest of all
defendants. All the material allegations of the Complaint filed pursuant to 735 ILCS 5/15-1504,
those allegations being both required and those deemed alleged by virtue of subsection (c), are
true and proven, that by entry of this Judgment for Foreclosure and Sale, the Mortgage and
Note which is the subject matter of these proceedings is extinguished and merged into
Judgment and default no longer exists, but has been replaced by Judgment, and that by virtue of
the Mortgage, and the evidences of indebtedness secured thereby alleged in the Complaint,
there is due to the Plaintiff, and it has a valid subsisting lien on the property described hereafter,
the following amounts:

| | |
|---|---|
| Principal, Accrued Interest and Advances by Plaintiff: | $197,772.48 |
| Interest from 5/20/2008 to 6/9/2008 with the rate of $41.25 per day: | $825.00 |
| Costs of Suit: | $825.00 |
| Attorneys' Fees: | $1,080.00 |
| TOTAL | $200,502.48 |

1

All the foregoing amounts have been accounted for in the Affidavit(s) filed by Plaintiff.

### (3) SUBORDINATE LIENS AND INTERESTS:

(a) The Court further finds that there is due and owing to the Defendants immediately hereinafter stated, if any, the sums set forth, as a lien(s) upon the subject premises subordinate and inferior to the lien and interest of the Plaintiff pursuant to the verified pleadings filed herein:

(4) **ATTORNEY FEES:** By its terms said Mortgage provides that the attorneys for the Plaintiff shall be entitled to an award of reasonable attorneys fees herein, and, that included in the above indebtedness are attorneys' fees as set forth in the attorney's certificate in the sum of $1,080.00.

(5) **COURT COSTS:** Under the provisions of said Mortgage, the costs of foreclosure are an additional indebtedness for which the Plaintiff should be reimbursed, and that such expenses incurred to date totaling $825.00 are hereby allowed to the Plaintiff.

(6) **ADVANCES:** That advances made in order to protect the lien of the Judgment and preserve the real estate, such as, but not limited to: real estate taxes or assessments, property inspections, property maintenance, insurance premiums and post Judgment attorneys' fees incurred by the plaintiff and not included in this judgment, but incurred prior to the Foreclosure Sale, shall become an additional indebtedness secured by the Judgment lien and bear interest from the date of the advance at the mortgage rate of interest pursuant to 735 ILCS 5/15-1503 and 15-1603.

(7) **PROPERTY FORECLOSED UPON:** The Mortgage described in the Complaint and hereby foreclosed appears of record in the Office of the Recorder and/or Registrar for Cook County, Illinois, as Document No. 0426214046 re-recorded as 0501918083, and the property herein referred to and directed to be sold is described as follows:

LOT 18 IN BLOCK 4 IN FLOSSMOOR HILLS, BEING A SUBDIVISION OF THAT PART OF THE EAST HALF OF THE SOUTHWEST QUARTER OF SECTION 2, TOWNSHIP 35 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

COMMONLY KNOWN AS:    3622 W. Cherry Hill Drive
Flossmoor, IL 60422


TAX PARCEL NUMBER: 31-02-324-005

(8) **MORTGAGE NOTE:** The Mortgage herein referred to secures a Mortgage Note in the sum $155,200.00 which has been duly accelerated pursuant to the terms of the said subject note and mortgage.

2

(9) **REDEMPTION:** The owner(s) of the equity of redemption are the mortgagors, property owners and any other party defendant named in the Complaint with the statutory right of redemption, with the exception of the Registrar of Titles, if named, and any party dismissed by order of Court.

    (a) The subject real estate is Residential as defined in 735 ILCS 5/15-1219.

    (b) The Court has obtained jurisdiction over the owners of the right of redemption as set forth in The Attorney's Certificate of Service and Defaulted Parties.

    (c) The redemption period will expire on the date as set forth in the provisions of 735 ILCS 5/15-1603(b).

    (d) The redemption period will expire on **9/10/08**.

(10)  Based upon the pleadings, proofs and admission(s), Plaintiff has standing, capacity and authority to maintain this cause.

(11)  The pleadings and proofs presented in the cause are sufficient to support the entry of this judgment.

## IT IS HEREBY ORDERED AND ADJUDGED THAT:

(1) **JUDGMENT:** A Judgment for Foreclosure and Sale be entered pursuant to 735 ILCS 5/15-1506 against the subject property and all defendants not previously dismissed. The court finds that all attorney fees and costs requested herein are reasonable and allowable under the terms of the note and mortgage.

(2) **SALE:** The subject real estate is ordered to be sold pursuant to 735 ILCS 5/15-1507.

(3) **SALE PROCEDURES:**

    (a) The subject real estate shall be sold pursuant to statute at the expiration of the reinstatement period and the redemption period found to expire as set forth in paragraph 9 above.

    (b) The Judicial Sale to be conducted pursuant to this Judgment for Foreclosure and Sale shall be by public auction. The opening bid shall be provided by the plaintiff and conducted by the Sheriff for Cook County or other Selling Officer as appointed by the Court and shall be conducted in full compliance with the statutory requirements contained in 735 ILCS 5/15-1507. In the event that Plaintiff fails to provide the Sheriff for Cook County or other Selling Officer as appointed by the Court with its initial bid, then the Sheriff for Cook County or other Selling Officer as appointed by the Court shall continue the sale to a date as mutually agreed upon by the Sheriff of Cook County or other Selling Officer as appointed by the Court, and Plaintiff's counsel and in compliance

3

with 735 ILCS 5/15-1507(c)(4). If the sale is erroneously held without Plaintiff providing its initial bid, then Plaintiff shall have the option to have the sale vacated and held for naught.

(c) The real estate shall be sold for cash or certified funds to the highest bidder with all sums due at the time of sale unless other terms are agreed to by the Plaintiff.

(d) Any purchaser at the Judicial Sale takes subject to any and all liens, encumbrances and any existing defects in title. The Plaintiff shall not be responsible for any damages resulting from existing liens, encumbrances or title defects nor makes any warranties, either express or implied, by virtue of the Judicial Sale.

## (4) NOTICE OF SALE:

(a) The mortgagee, or such other party designated by the court, in a foreclosure under Article 15 shall give public Notice of the Sale pursuant to statute. The Notice of Sale shall include all information as stated in 735 ILCS 5/15-1507(c) parts (A)-(H) where such information is available to Plaintiff or Counsel for Plaintiff. Immaterial error in the information shall not invalidate the legal effect of the notice. The Notice of Sale shall contain at least the following information:

1. The name, address and telephone of the person to contact for information regarding the real estate.

2. The common address and other common description (other than legal description), if any, of the real estate.

3. A legal description of the real estate sufficient to identify it with reasonable certainty.

4. A description of the improvements on the real estate.

5. The real estate may NOT be inspected prior to sale.

6. The time and place of the sale.

7. The terms of the sale.

8. The title, case number and the court in which the foreclosure was filed.

9. Any other information required herein or by separate order.

(b) The notice of sale shall be published at least three consecutive calendar weeks (Sunday through Saturday), once in each week, the first such notice to be published not more than 45 days prior to the sale, the last such notice to be published not less than 7 days prior to the sale, by an advertisement in a newspaper circulated to the general public

4

in the county in which the real estate is located, in the section of that newspaper where legal notices are commonly placed and a separate advertisement in the section of such newspaper (except in the counties with a population in excess of 3,000,000), which may be the same newspaper, in which real estate other than real estate being sold as part of legal proceedings is commonly advertised to the general public; provided, that where separate advertisements in the real estate section need not include a legal description and that where both advertisements could be published in the same newspaper and that newspaper does not have separate legal notices and real estate advertisement sections, a single that no other publications advertisement with the legal description shall be sufficient and shall be required unless otherwise ordered by the Court.

(c) The party who gives notice of public sale shall also give notice of public sale to all parties in the action who have appeared and have not heretofore been found by the court to be in default for failure to plead. Such notice shall be given in the manner provided in the applicable rules of court for service of papers other than process and complaint; not more than 45 days nor less than 7 days prior to the day of sale. After notice is given as required by statute, a copy thereof shall be filed in the Office of the Clerk of this Court together with a certificate of counsel or other proof that notice has been served in compliance with this Section.

(d) The party who gives notice of public sale shall again give notice of any adjourned sale; provided, however, that if the adjourned sale is to occur less than 60 days after the last scheduled sale, notice of any adjourned sale need not be given.

(e) Notice of the sale may be given prior to the expiration of any reinstatement period or redemption period. No other notice by publication or posting shall be necessary.
(f) The person named in the notice of sale to be contacted for information about the real estate may, but shall not be required to, provide additional information other than that set forth in the notice of sale.

(5) **SALE PROCEEDS:**

(a) In the event the Plaintiff is purchaser of the mortgaged real estate at such sale, the Plaintiff may offset against the purchase price of such real estate the amounts due under the judgment for foreclosure at the statutory interest rate from the date of Judgment through the date of sale plus any fees, costs and advances made after the entry of this Judgment for Foreclosure and Sale pursuant to 735 ILCS 5/15-1505 and 15-1603.

(b) The proceeds of the sale shall be distributed in the following order pursuant to 735 ILCS 5/15-1512:

1. The reasonable expenses of sale.

2. The reasonable expenses of securing possession before sale, holding, maintaining, and preparing the real estate for sale, including payment of taxes and other governmental charges, premiums on hazard and liability insurance,

5

management fees, and, to the extent provided for in the mortgage or other recorded agreement and not prohibited by law, reasonable attorneys' fees, payments made pursuant to Section 15-1505 and other legal expenses incurred by the mortgagee.

3. Satisfaction of all claims in the order of priority as set forth in the Judgment for Foreclosure and Sale. If the issue of priorities was reserved pursuant to 735 ILCS 5/15-1506(h), the proceeds will be distributed as set forth in the order confirming sale.

4. Any balance of proceeds due after the above distribution shall be held by the officer conducting the sale until further order of court.

(6) **RECEIPT UPON SALE AND CERTIFICATE OF SALE:** Upon and at the sale of mortgaged real estate, the person conducting the sale shall give to the purchaser a receipt of sale. The receipt shall describe the real estate purchased and shall show the amount paid or to be paid therefore. Upon payment in full of the amount bid, the person conducting the sale shall issue, in duplicate, and give to the purchaser a Certificate of Sale in recordable form which describes the real estate purchased and states the amount paid. The Certificate of Sale shall be freely assignable.

(7) **REPORT OF SALE:** The person conducting the sale shall promptly make a report to the court. The report of sale may be prepared by the Plaintiff to be reviewed and executed by the person conducting the sale and the person conducting the sale shall submit or cause to be submitted the report for review by the court at the time of Confirmation of Sale. The report shall include a copy of all receipts of sale.

(8) **CONFIRMATION OF SALE:** Upon motion and notice in accordance with court rules applicable to motions generally, the court shall conduct a hearing to confirm the sale pursuant 735 ILCS 5/15-1508. The mortgagee, or such other party designated by this court, shall send notice of such hearing.

(a) Unless the court finds that either a notice required in accordance with 735 ILCS 5/15-1507(c) was not given, that the terms of the sale were unconscionable, that the sale was conducted fraudulently, or that justice was otherwise not done, the court shall then enter an order confirming the sale.

(b) The order confirming the sale shall include an order for possession which shall become effective 30 days after entry. The order for possession may be included in the order confirming sale or may be by separate order to be entered at the time of sale confirmation.

(c) If the proceeds of the sale are not sufficient to satisfy those sums due the Plaintiff, the Court shall enter a personal deficiency judgment pursuant to 735 ILCS 5/15-1508(e) providing that the Court finds that it has personal jurisdiction over the parties personally

6

liable on the note and that said liability has not been discharged in bankruptcy. The Court shall enter an In Rem deficiency Judgment if it finds there to be no personal jurisdiction over those parties liable on the note or if there is no personal liability based on other findings by the court.

(9) **SPECIAL RIGHT TO REDEEM:** If the subject real estate has been found to be residential as defined by statute and the purchaser at the judicial sale was a mortgagee who was a party to the foreclosure or its nominee, and the sale price is less than the amount specified in 735 ILCS 5/15-1603(d), then an owner of redemption as set forth in Section 15-1603(a) shall have the special right to redeem, for a period ending 30 days after the date the sale is confirmed, by paying the mortgagee the sale price plus all additional costs and expenses incurred by the mortgagee set forth in the report of sale and confirmation by the court.

(10) **TERMINATION OF SUBORDINATE INTERESTS:** In the event of such sale and the failure of the person entitled thereto to redeem prior to such sale pursuant to statutory provisions, the defendants made parties to the foreclosure in accordance with statutory provisions, and all nonrecord claimants given notice of the foreclosure in accordance with statutory provisions, and all persons claiming by, through or under them, and for each and any and all of them, shall be forever barred and foreclosed of any right, title, interest, claim, lien or right to redeem in and to the mortgaged real estate.

    (a) This Judgment and all orders entered pursuant to said judgment are valid as stated above. The inadvertent failure to name a subordinate record claimant will not invalidate this judgment. Should such a record party not be party to this action, the Plaintiff may take title and file a subsequent action to determine the redemptive rights of such a party. Plaintiff may amend the complaint for foreclosure to name such a party if it is made aware of the claim prior to the judicial sale without affecting the validity of the judgment as to the other parties defendant. Should such a claimant not exercise its redemptive rights within the stated time, they shall be forever barred and foreclosed of any right, title, interest, claim, lien or right to redeem or otherwise enforce its claim against the subject property.

(11) **ISSUANCE OF DEED:** After the expiration of the mortgagor's reinstatement and redemption rights, payment of the purchase price by the successful bidder and confirmation of the sale, the person conducting the sale shall execute and issue a deed to the owner and holder of the Certificate of sale pursuant to 735 ILCS 5/15-1509. Delivery of the deed shall be sufficient to pass title and will bar all claims of parties to the foreclosure including unknown owners and Nonrecord Claimants.

(12) **TORRENS REAL ESTATE:** If the subject property is registered with the Registrar of Titles for Cook County, it is also ordered that the Registrar cancel the Certificate of Title and issue a new Certificate without the surrender of the Owner's Duplicate Certificate of Title or Affidavit of Lost Certificate.

(13) **JURISDICTION:** The Court retains jurisdiction over the parties and subject matter of this cause for the purpose of enforcing this Judgment or vacating said Judgment if a reinstatement is made as set forth in paragraph (9) of this Judgment.

7

(14) A copy of this judgment shall be mailed to the mortgagors and current owners(s) at their last known mailing address within 7 days.

(15) Pursuant to 735 ILCS 5/15-1506(f), IT IS HEREBY ORDERED that THE JUDICIAL SALES CORPORATION is appointed Selling Officer for the purpose of the sale at public auction of the property that is the subject matter of this action, pursuant to the Judgment for Foreclosure and Sale entered herein, and either Plaintiff's Counsel or Selling Officer is hereby designated by the Court to give public notice of sale pursuant to 735 ILCS 5/15-1507(c); and either Plaintiff's Counsel or Selling Officer is hereby designated by the Court to send notice of motion for entry of an order approving report of sale and distribution, confirming sale and order of possession, pursuant to 735 ILCS 5/15-1508(6);

① Enforcement of this judgment is stayed until 6-30-08. M

ENTER: _____

DATED: _____

Judge

ENTERED

JUN 0 9 2008

JUDGE
CAROLYN G. QUINN - 1880

John McCabe and Louis J. Manetti
Codilis & Associates, P.C.
Attorneys for Plaintiff
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
Cook #21762
14-05-3726

8

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on June 18, 2010, she caused copies of NOTICE OF MOTION, DEFENDANTS U.S. BANK, N.A., *AS TRUSTEE OF CREDIT SUISSE 2004-AA1*, AND AMERICA'S SERVICING COMPANY MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, and MEMORANDUM IN SUPPORT to be served on all registered counsel via the Northern District of Illinois Electronic Filing System and by U.S. Mail, postage prepaid, to

     Selena Jones
     3622 Cherry Hill Drive
     Flossmoor, Illinois 606422

                    By: /s/ Michelle V. Dohra_____
                         Michelle V. Dohra