IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SELENA JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-cv-0008 |
| ) | |
| WELLS FARGO HOME MORTGAGE, ) | |
| N.A., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM SUPPORTING DEFENDANT REAL TIME RESOLUTIONS, INC.'S MOTION TO DISMISS

Plaintiff Selena Jones' claims against defendant Real Time Resolutions, Inc. ("RTR") in Counts III, VIII, and IX of her Amended Complaint fail to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## SUMMARY OF ALLEGATIONS RELATED TO JONES' CLAIMS AGAINST RTR

At issue in this action are two mortgage loans that Jones obtained from defendant Aames Funding Corporation in 2004. See Am. Compl. ¶¶ 32–33. Jones alleges that her first mortgage loan was securitized or assigned to defendant U.S. Bank, N.A., as trustee for Credit Suisse First Boston 2004-AA1 ("U.S. Bank"), and serviced by defendant America's Servicing Company. Id. ¶¶ 11, 45–46. In 2005, U.S. Bank and defendant Codilis & Associates, P.C. ("Codilis") filed suit to foreclose on Jones' first mortgage loan. Id. ¶ 68, 165. Jones was represented by defendant William J. Parker in that proceeding. See id. ¶ 71. Most of Jones' claims relate to that proceeding or other perceived wrongdoing with respect to her first mortgage loan. Jones does not allege that RTR made, held, serviced, or was involved in any other way with her first mortgage loan, however. Instead, she alleges only that RTR serviced her second mortgage loan. See id. ¶ 12.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 8 requires a claimant to provide a "statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require "detailed factual allegations," merely reciting "the elements of a cause of action will not do." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); accord Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). As the Supreme Court clarified in Iqbal, a claim should be dismissed if it is not "plausible" – i.e., if it is not supported by well-pled facts that permit a court "to infer more than the mere possibility of misconduct." 129 S.Ct. at 1949–50. A court deciding whether a claim is plausible may "draw on its judicial experience and common sense." Id. at 1950. In doing so, the court is not required to regard legal conclusions – including those disguised as factual allegations – as true. Id.

Pleadings by parties representing themselves should be construed liberally. E.g., Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009). But, such pleadings still must satisfy Rule 8(a). See, e.g., VanCrete v. Appelman, 263 F. App'x 496, at *2 (7th Cir. Feb. 6, 2008) (unpublished) (affirming the dismissal of a complaint by a party proceeding pro se because it did not "do more than leave open the possibility that the plaintiff might later plead some new claim that would warrant relief").

**ARGUMENT**

**1.      Real Estate Settlement Practices Act**

In Count III, Jones claims that RTR violated the Real Estate Settlement Practices Act ("RESPA") by failing to credit her for payments that she made, calculating interest incorrectly, failing to accurately debit fees, and accepting charges that were not assessed for real estate services that she actually received. See Am. Compl. ¶¶ 123–24. However, RESPA does not regulate those

activities. See 12 U.S.C. §§ 2601–2617. RESPA was enacted to regulate the real estate settlement process. See id. § 2601(a). Accordingly, it requires lenders and servicers to disclose specified information to borrowers and proscribes the imposition of certain fees and other payments. See id. §§ 2603–05, 2607–10. But, RESPA does not regulate matters of accounting. Thus, Jones' allegations against RTR about the way that it accounted for her payments do not state a cognizable claim for a violation of RESPA.

Even if those allegations – construed liberally – could be regarded as implicating RTR's obligation under RESPA to respond to a qualified written request ("QWR"),[1] they do not state a cognizable claim. To state a claim related to that requirement, a party must allege that a defendant failed to timely respond to a QWR. 12 U.S.C. § 2605(e)(1)(A); Alexander v. Bank of Am., No. 08-C-4948, 2010 WL 152045, slip op. at **2–3 (N.D. Ill. Jan. 15, 2010). If a party fails to allege that a qualified written request was sent to the defendant, a claim for a violation of § 2605(e) is not cognizable. See Alexander, 2010 WL 152045 at *3 (dismissing a claim for failing to comply with this requirement). And, if more than one defendant is charged with violating RESPA, the plaintiff must allege that those requirements were satisfied with respect to each defendant. See Swiss Reinsurance Am. Corp. v. Access Gen. Agency, Inc., 571 F. Supp. 2d 882, 886 (N.D. Ill. 2008) (dismissing a complaint that "lumped together" allegations against separate defendants without specifying which defendant ...).

Jones does not allege that RTR failed to respond to a QWR. In fact, she does not even plead that she sent a QWR to RTR. While Jones contends that America's Servicing Company violated

---

[1] A qualified written request is "written correspondence" that "includes, or otherwise enables the servicer to identify, the name and account of the borrower" and "includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B).

3

RESPA by failing to respond to two qualified written requests, she alleges that America's Servicing Company serviced her first mortgage loan, whereas RTR serviced her second mortgage loan. Id. ¶¶ 11–12, 119–22. As Jones does not allege that RTR was involved in any way with her first mortgage loan, or that America's Servicing Company was involved in any way with her second mortgage loan, her allegations about America's Servicing Company do not provide any basis for concluding that RTR violated RESPA. As Jones' allegations do not plausibly suggest that RTR violated RESPA, her claims in Count III against RTR should be dismissed.

**2.     Fair Debt Collection Practices Act**

In Count VIII, Jones claims that RTR violated the Fair Debt Collection Practices Act ("FDCPA"). Jones asserts that the FDCPA was violated in two ways. First, she contends that "Defendants" committed fraud during the proceeding to foreclose on her first mortgage loan. See, e.g., Am. Compl. ¶¶ 164–65. As Jones does not allege that RTR was involved in any way with her first mortgage loan, see id. ¶ 12, such allegations do not provide any plausible basis for concluding that RTR violated the FDCPA, as required by recent Supreme Court decisions. See, e.g. 129 S.Ct. at 1949–50. Accordingly, any claim against RTR that is based on such allegations should be dismissed.

Second, Jones alleges that "Defendants" violated the FDCPA by failing to verify Jones' debts. See Am. Compl. ¶¶ 166–69. This claim is not cognizable because it is not timely.[2] A claim for a violation of the FDCPA must be brought within one year after the claim accrued. 15 U.S.C. § 1962k(d); see Mace v. Van Ru Credit Corp., 109 F.3d 338, 344 (7th Cir. 1997). Jones filed this

---

[2] While affirmative defenses generally do not provide a basis for dismissal under Rule 12(b)(6), the Seventh Circuit has held that a claim may be dismissed as untimely if that defect is obvious. See Walker v. Thompson, 288 F.3d 1005, 1009–10 (7th Cir. 2002). Here, to the extent that Jones' allegations in Count VIII are adequately pled, they obviously refer to conduct that occurred more than one year before this action was filed. Thus, the Court may dismiss Jones' claim against RTR for a violation of the FDCPA as untimely. If the Court declines to do so, RTR asks the Court to grant summary judgment in its favor on this basis.

action against RTR on January 22, 2010. Thus, any claim against RTR for a violation of the FDCPA that accrued before January 22, 2009 cannot succeed as a matter of law.

    **A.**    **If Jones timely disputed her debt, any claim based on that dispute arose before January 22, 2009**

First, the FDCPA requires a debt collector to notify a debtor in writing of certain information about the debt within five days after the debt collector initially communicates with the debtor. See 15 U.S.C. 1692g(a). To dispute the debt, the borrower must do so in writing within thirty days of receiving that notice from the debt collector. 15 U.S.C. § 1692g(b); see Sims v. GC Servs. L.P., 445 F.3d 959, 963 (7th Cir. 2006).

RTR began servicing Jones' loan on about April 2, 2008, and RTR gave Jones the notice that triggered her time for disputing her debt on about April 3, 2008. A copy of that notice accompanies this memorandum as **Exhibit A**.[3] Thus, although Jones does not specify when she allegedly disputed her debt (or even that she did so in a timely way) she would have had to lodge such a challenge by about May 3, 2008. If RTR failed to validate the debt after Jones disputed it, as Jones alleges, her claim for that violation of the FDCPA would have arisen in about May 2008, and certainly prior to January 22, 2009. Thus, even if Jones followed the procedures prescribed by the FDCPA for disputing debts – notwithstanding her failure to plead those facts – her claim that RTR failed to respond properly to her dispute is not timely, and thus it cannot succeed as a matter of law.

---

[3] The Court may consider this letter without converting this motion to one for summary judgment, because Jones repeatedly alleges that she disputed the debt and the notice provided by RTR is central to those contentions. See Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.").

**B. Because Jones explicitly affirmed her debt in October 2008, no claim for failing to validate the debt could have arisen on or after January 22, 2009**

Jones' claim also is not cognizable because she explicitly affirmed her debt, rendering it unnecessary for RTR to validate the debt independently. In October 2008, RTR offered to decrease the interest rate on Jones' loan and modify certain other terms of the loan. On October 15, 2008, Jones accepted that offer. A copy of Jones' agreement with RTR accompanies this memorandum as **Exhibit B**.[4] In section C of that agreement, Jones explicitly "agree[d] to the terms expressed in this modification agreement" and acknowledged that "the lien herein described" is "fully outstanding and fully enforceable."[5] That agreement resolves any dispute that might have existed previously about Jones' debt. Thus, even if Jones timely disputed her debt, no validation of the debt was necessary after October 15, 2008 when Jones herself validated the debt. As Jones did so well outside the cutoff for the statute of limitations, her claim that RTR violated the FDCPA is not timely and should be dismissed.

**3. Fair Credit Reporting Act**

In count IX, Jones asserts that RTR violated the Fair Credit Reporting Act ("FCRA"). The FCRA requires entities that furnish information to credit reporting agencies to provide accurate information. See 15 U.S.C. § 1681s-2(a). The FCRA also imposes a duty to conduct a reasonable investigation of, and respond to, reports that furnished information is not accurate or complete. See id. § 1681s-2(b). Jones' allegations do not state cognizable claims under either part of the FCRA.

---

[4] If the Court determines that judgment in favor of RTR is appropriate on the basis of this agreement, but concludes that the agreement may not be regarded as part of the pleadings, RTR asks the Court to grant summary judgment in its favor on this basis.

[5] In that agreement, Jones also released any and all claims against RTR arising from the servicing of her loan, further demonstrating that she cannot prevail on her claims against RTR. See Ex. B at 2.

### A. Jones lacks standing to assert that RTR furnished inaccurate information

Only governmental agencies may enforce § 1681s-2(a). Perry v. First Nat'l Bank, 459 F.3d 816, 822 (7th Cir. 2006). As this Court recently reiterated, no private right of action exists for an alleged violation of § 1681s-2(a). Pulliam v. Am. Express Travel Related Servs. Co., No. No. 08-C-6690, 2009 WL 1586012, slip op. at *2 (N.D. Ill. June 4, 2009); accord Rollins v. Peoples Gas Light & Coke Co., 379 F. Supp. 2d 964, 967 (N.D. Ill. 2005) (describing that principle as "undisputed").

Contending that a defendant furnished inaccurate information constitutes the assertion of a claim under § 1681s-2(a). See Kennedy v. Equifax, Inc., 641 F. Supp. 2d 788, 792 (S.D. Ind. 2009); accord Pulliam, 2009 WL 1586012 at *2 (stating that allegations that a defendant reported inaccurate information "would amount to violations of subparagraph[] (a) . . . of section § 1681s-2").

Jones alleges that RTR violated the FCRA by (a) "ma[king] false statements to credit bureaus" and (b) "neglect[ing] to make true statements to credit bureaus. Am. Compl. ¶ 173. These allegations purport to state a claim under § 1681s-2(a), but Jones is not a governmental agency. Thus, she lacks standing to assert this claim against RTR, and it should be dismissed.

### B. Jones fails to allege facts showing that she notified any credit reporting agency that RTR had furnished inaccurate or incomplete information, or that RTR failed to investigate or respond to any such complaint

To the extent, if any, that Jones' allegations can be regarded as implicating § 1681s-2(b), they should be dismissed because Jones does not allege that prerequisites for liability under that section occurred. To state a claim under § 1681s-2(b), a plaintiff must allege (a) that she notified the credit reporting agency of the inaccuracy or omission at issue and (b) the defendant continued to furnish erroneous information after receiving that notice. See 15 U.S.C. § 1681s-2(b)(1); Rollins, 379 F. Supp. at 967. Accordingly, courts in the Seventh Circuit and elsewhere have dismissed

claims when plaintiffs failed to allege facts showing that the required notice had been given. See Ori v. Fifth Third Bank, 603 F. Supp. 2d 1171, 1174 (E.D. Wis. 2009) (citing two other decisions).

Moreover, this Court recently ruled that a plaintiff asserting a violation of § 1681s-2(b) may not allege "on information and belief" that the defendant received notice of the plaintiff's challenge from the credit reporting agency. Densmore v. Gen. Motors Acceptance Corp., No. 03-C-1866, 2003 WL 22220177, at *2 (N.D. Ill. Sept. 25, 2003). There, the Court observed that it is "readily ascertainable without discovery" whether the defendant received that notice. Id. In fact, the FCRA itself authorizes the plaintiff to obtain that information. Id. (citing 15 U.S.C. § 1681i(a)(6)(A)). Thus, without conducting "a concrete investigation" to verify whether such notice was provided, a plaintiff does not state a cognizable claim. Id.

Here, Jones does not allege that she notified any credit reporting agency that RTR reported inaccurate or incomplete information. Jones does not allege – much less verify – that any credit reporting agency notified RTR about any such challenge. Nor does Jones allege that RTR continued to furnish inaccurate or incomplete information after receiving any such notice.

Moreover, Jones' allegations in Count IX are made upon information or belief. See Am. Compl. ¶¶ 172–73; see also id. at 1 (stating that allegations denoted by an asterisk "are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery," indicating that they do not yet have such support). Such allegations do not satisfy the requirement articulated in Densmore. See No. 03-C-1866, 2003 WL 22220177, at *2. Because Jones has failed to plead facts showing that RTR's duties under the FCRA were triggered, she has not stated a claim under § 1681s-2(b). Accordingly, her claim against RTR in Count IX should be dismissed.

**CONCLUSION**

For the reasons stated above, RTR asks the Court to dismiss Jones' claims in Counts III, VIII, and IX against RTR with prejudice, to dismiss RTR from this action, and for any other relief that the Court deems just.

Respectfully submitted,

SPENCER FANE BRITT & BROWNE LLP

/s/ Bryant T. Lamer
Bryant T. Lamer                IL #6271286
1000 Walnut Street, Suite 1400
Kansas City, Missouri  64106-2140
(816) 474-8100
(816) 474-3216 (facsimile)
blamer@spencerfane.com

*Attorneys for defendant Real Time Resolutions, Inc.*

**CERTIFICATE OF SERVICE**

On July 2, 2010, the foregoing was filed electronically using the Court's CM/ECF system, which will notify all registered parties of this filing, and sent by first-class mail, postage prepaid, to:

Selena Jones
3622 Cherry Hill Drive
Flossmoor, IL 60422
(708) 798-4167

/s/ Bryant T. Lamer
Attorney for defendant Real Time Resolutions, Inc.