IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| Selena Jones,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>U.S. Bank, N.A., *as Trustee*, et al.,<br><br>　　　　Defendants. | No. 10-C-0008<br><br>Judge James F. Holderman |

**DEFENDANTS U.S. BANK, N.A. AND AMERICA'S SERVICING COMPANY'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

　　US Bank properly foreclosed on Plaintiff's mortgage in the Circuit Court of Cook County, Illinois. Plaintiff is now in this Court seeking a reconsideration of the state foreclosure proceedings through a variety of inapplicable and unsupported claims. As US Bank and ASC demonstrated in their Opening Brief, Plaintiff failed to state any claims against them and the Second Amended Complaint ("Complaint") should be dismissed. In response, Plaintiff relies mainly on her flawed amended pleadings, which do not – and cannot – set forth any cognizable claim for relief under Rule 8 and Rule 9(b) of the Federal Rules of Civil Procedure. As this Court rightly decided in its Statement dismissing *sua sponte* Counts IV-VI, this is not the proper forum for Plaintiff to collaterally attack the circuit court's judgment in favor of US Bank. Statement, Dkt. No. 20, *Jones v. U.S. Bank, N.A. as Trustee*, 10-cv-00008 (N.D. Ill. Mar. 19, 2010). The remainder of Plaintiff's Complaint against US Bank and ASC should similarly be dismissed as a matter of law.

I.  **PLAINTIFF'S RECITATION OF THE ELEMENTS OF A RICO CLAIM CANNOT SURVIVE A MOTION TO DISMISS.**

   A.  **Plaintiff Has Failed To Plead A Separate Enterprise, Has Failed Identify The Acts of Racketeering Assignable To Any Single Defendant, and Has Not Stated a RICO Claim.**

In Count I of her Complaint, Plaintiff vaguely alleges that "Defendants" violated some provision of 18 U.S.C. 1962(a) through (d). Compl. ¶ 106. As described in US Bank's opening brief, a RICO plaintiff alleging a violation of the Act must allege: (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity. *Slaney v. International Amateur Athletic Federation*, 244 F.3d 580, 597 (7th Cir. 2001). The heightened pleading requirements of Rule 9(b) apply to Plaintiff's civil RICO claim, which is premised on allegations of mail and wire fraud. *See Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 726 (7th Cir. 1998). Therefore, Plaintiff's complaint "*must be specific* with respect to the *time, place and content* of the alleged false representations, the *method* by which those misrepresentations were communicated, and the *identities of the parties to those misrepresentations*." *Lachmund v. ADM Investor Services, Inc.*, 191 F.3d 777, 784 (7th Cir. 1999) (emphasis added). Additionally, in a multiple-defendant case, "Rule 9(b) requires a RICO plaintiff to plead sufficient facts to notify each defendant of his alleged participation in the scheme." *Goren*, 156 F.3d at 726. As set forth in US Bank's opening brief, Plaintiff's Complaint does none of these things. *See* Op. Br. 4-6.

Plaintiff's Response reiterates the same gross generalizations and element-pleading that doom the Complaint. For example, Plaintiff cites paragraphs 93 through 105 of the Complaint as describing the alleged enterprise. *See* Resp. at 2. These allegations are inadequate as a matter of law. *Goren*, 156 F.3d at 726. None of these paragraphs break out the individual acts of any person or party, or describe the organizational structure or hierarchy of the alleged enterprise. *E.g.* Compl. ¶ 96 ("Defendants' actions and use of multiple corporate entities, multiple parties,

2

1523082

and concerted and predetermined acts and conduct specifically designed to defraud Plaintiff constitutes an "enterprise"). Plaintiff cites *Stachon v. United Consumers Club*, 229 F.3d 673 (7th Cir. 2000), but *Stachon* supports US Bank's argument. In *Stachon*, the Seventh Circuit rejected plaintiffs' "vague allegations of a RICO enterprise made up of a string of participants, known and unknown, lacking any distinct existence and structure." 229 F.3d at 676. As that Court rightly noted, "RICO plaintiffs cannot establish structure by defining the enterprise through what it supposedly does." *Id.* But that is precisely what Plaintiff has alleged here: Plaintiff's "enterprise" exists as an amorphous combination of individuals, partnerships, and others with no other defined purpose but for alleged "concerted and predetermined acts and conduct specifically designed to defraud Plaintiff." Compl. ¶ 96; *see also* Resp. at 2. The purported enterprise described by Plaintiff is insufficient as a matter of law.

US Bank's Opening Brief also demonstrated that Plaintiff has not pled a pattern of racketeering activity, both because her allegations lack the necessary specificity to properly identify any alleged predicate act sufficient to state a claim under Rule 9(b) and because they "at best, allege a single scheme directed at a single victim and resulting in a single injury." *See* Op. Br. at 5-6; *see also* Compl. ¶¶ 82, 91 (alleging scheme devised by Defendants to induce reliance by Plaintiff); ¶ 92 ("The actions of the Defendants were committed intentionally, willfully, wantonly, and with reckless disregard for the rights of the Plaintiff"). Plaintiff offers no response to that argument. Instead, she creates an inadequate new theory of RICO liability, not found in her Complaint, alleging the collection of an "unlawful debt." *See* Resp. at 3. The allegation of a single defendant seeking recovery of a single debt from a single plaintiff is wholly inconsistent with the purpose of the RICO statute and Plaintiff's improper attempt to introduce a new, unpled, theory of liability through her Response Brief should be disregarded.

1523082

Regardless, the RICO statute defines an "unlawful debt" as those debts incurred in connection with illegal gambling or lent at usurious rates. *See* 18 U.S.C. § 1961(6)(B); *see also Daddona v. Gaudio*, 156 F.Supp.2d 153, 160 (D. Conn. 2000) (dismissing RICO claim and holding that "pursuing … litigation to recover the note and mortgage … fall far outside the definition of unlawful debt in 18 U.S.C. § 1961(6)."). Therefore, Plaintiff's Response and "new" allegation does not support any RICO liability theory based on the collection of an "unlawful debt." Plaintiff's claim that the Loan was rescinded under 15 U.S.C. § 1635(b) (thus she claims any interest in excess of 0% is usurious) is also incorrect and unsupported by applicable law. As previously addressed in the Opening Brief with respect to Count II, Plaintiff was not entitled to rescission (*see infra* at 5). Finally, Plaintiff's theory of RICO liability based upon the alleged collection of an unlawful debt fails to save Count I because it is not paired with the other elements of a RICO claim – no enterprise is identified, for example – and it is premised on Plaintiff's claim that she rescinded her Loan; an allegation barred by the state foreclosure judgment. *See also infra* at 7-9 (discussing Plaintiff's FDCPA claim). US Bank's Opening Brief properly set forth the basis for dismissal of Count I and nothing in Plaintiff's Response demonstrates otherwise. Count I should be dismissed as a matter of law.

II. **PLAINTIFF'S UNTIMELY TILA CLAIM ALSO SEEKS RELIEF THE ACT DOES NOT PROVIDE AND SHOULD BE DISMISSED.**

Count II is time-barred. As noted in US Bank's Opening Brief (at 8), claims for damages under TILA are subject to a one year statute of limitations. *See also* 15 U.S.C. § 1640(e). Plaintiff concedes that she is not seeking damages under TILA, only statutory rescission. *See* Resp. at 4. However, Plaintiff also claims that TILA's statutes of limitations would not apply to her request for rescission, even if it would bar a claim for damages. *See* Resp. at 4. According to Plaintiff, without any supporting authority, "[o]nce a security interest 'becomes void' (section

1635), it never becomes un-void, there can be no statute of repose for rescission." *Id.* That is incorrect. Claims for rescission are subject to a three-year statute of limitations. *See* 15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures under this part have not been delivered to the obligor"). Plaintiff received her Loan on August 6, 2004, beginning her clock. *See* Compl. ¶ 32. Her action was not filed until nearly 6 years later. Count II is therefore properly time-barred under either the one year or three year statute of limitations. *Cf. Swanigan v. Argent Mortg. Co.*, 2010 WL 2773889, *2 (N.D. Ill. July 14, 2010) (dismissing TILA claim premised on allegation of "improper refusal to honor Plaintiffs' demand for rescission" where claim was brought outside limitations periods set forth in 15 U.S.C. §§ 1635(f) or 1640(e)).

TILA also does not provide Plaintiff with a right of rescission, and her TILA claim fails on that basis as well. As explained in US Bank's Opening Brief (at 6-7), TILA does not provide a right of rescission for a "residential mortgage transaction," defined in Regulation Z as "a transaction in which a mortgage … is created or retained in the consumer's principal dwelling to finance the acquisition or initial construction of that dwelling." *See also* Regulation Z, 12 C.F.R. § 226.2(24). In a last-ditch effort to save her TILA claim, Plaintiff imagines that there could have been "two closings, one for a purchase and one for a refinance." Resp. at 4. But that speculative claim is unsupported by the facts alleged in the Complaint. The Complaint describes a single purchase transaction on August 6, 2004. *See* Compl. ¶ 32 (identifying Plaintiff's Loan as "Loan No. 0001686393" in the amount of $155,200.00); August 6, 2004 Mortgage (securing lender's interest in the Property in exchange for Note dated August 6, 2004 for $155,200.00

using "APPL # 0001686393"); Compl. ¶ 51 (identifying August 6, 2004 as the date "Plaintiff closed on her first home"); Op. Br. at Ex. A (August 6, 2004 Deed transferring the Property to Plaintiff). Nothing pled in Plaintiff's Complaint renders her theory of an earlier, undocumented loan in the same amount for the same transaction plausible. *Cf. Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1944 (2009) (Rule 8 pleading "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible"). Therefore, Plaintiff's claim in her Response that the Loan was anything other than a "residential mortgage transaction" is without merit, and contradicted by the facts alleged in her Complaint. Because Plaintiff's Loan was alleged to be, and was, a "residential mortgage transaction," TILA provides Plaintiff no right of rescission, and Count II fails as a matter of law. *See* Op. Br. at 6-7.[1]

## III. PLAINTIFF'S DEFICIENT RESPA CLAIM CANNOT SURVIVE DEFENDANTS' MOTION TO DISMISS.

Count III is premised on a pair of letters Plaintiff claims to have sent to ASC. Those alleged letters are not attached to the Complaint. Op. Br. at 8-9. They were not attached to the Response. And even basic information regarding the alleged letters' contents, such as when those letters were allegedly sent or what they allegedly said, has not been pled. As US Bank's Opening Brief explains, simply characterizing something as a Qualified Written Request does not satisfy Rule 8 pleading requirements. *See* Op. Br. at 9. Nonetheless, Plaintiff's Response

---

[1] Plaintiff also claims that Regulation Z, 12 C.F.R. § 226.2(24) is unconstitutional under the Equal Protection Clause. Resp. at 4. No such allegation appears in the Complaint, and therefore no reply is required. Regardless, purchasers enter into distinct, contractual arrangements, different from refinancers, and are not "similarly situated." "An equal protection violation occurs only when different legal standards are arbitrarily applied to similarly situated individuals." *Smith ex rel. Smith v. Severn,* 129 F.3d 419, 429 (7th Cir. 1997). Congress's decision for TILA to apply differently to purchasers and refinancers raises no Equal Protection concerns.

6

1523082

rests on her conclusory allegations that the letters she sent were "QWRs," claiming that "[b]oth the facts and the damages have been alleged." Resp. at 4-5. Because these are precisely the sort of allegations that *fail* to state a claim under *Iqbal*, Count III should be dismissed as a matter of law.

In reviewing a motion to dismiss, a court need not accept "legal conclusions" as true. *Iqbal*, 129 S.Ct. at 1949-50. Whether a document qualifies as a "qualified written request" under Section 2605 of RESPA is a legal conclusion. Thus, Plaintiff's allegations that she "timely sent a qualified written request to Defendant AMERICA'S SERVICING COMPANY" or that "After 60 days, Plaintiff sent a second qualified written request" are not entitled to deference. *See* Compl. ¶ 119, ¶ 121. Instead, Plaintiff must attach a copy of the alleged qualified written request or provide sufficient facts for the Court to conclude that the documents Plaintiff claims to have sent to ASC are "qualified written requests" under Regulation Z. The cases cited in US Bank's opening brief are directly on point and are not answered by Plaintiff.

In *Aguilar v. Cabrillo Mortgage*, 2010 WL 1909547, *3 (S.D. Cal. May 11, 2010), the court criticized plaintiff's failure to attach the alleged QWR and held that plaintiff's paragraph-long recitation of the letter's contents did not "raise a right to relief above the speculative level," or indicate that the alleged letter contained "a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error" or that it provided "sufficient detail to the servicer regarding other information sought by the borrower" as required by RESPA. *Id.* at *3; *see also* 12 U.S.C. § 2605(e)(1)(B). In *Espinoza v. Bank of America, N.A.*, 2010 WL 2012475 (S.D. Cal. May 17, 2010), as here, plaintiff conclusorily alleged that they had "sent a Qualified Written Request ('QWR')." The court rejected this pleading, holding that

7

1523082

"[t]his assumes but does not demonstrate that the document sent was a QWR" and does not show that their alleged QWR complied with the requirements of RESPA. *Id.* at *4.

Plaintiff's Response also does not address her failure to allege *how* she would have suffered any injury due to the failure of ASC to respond to her requests, providing another basis for denying her RESPA claim. *See* Op. Br. at 9. In sum, Plaintiff's RESPA allegations fall woefully short of the standard necessary to survive US Bank's Motion, and should be dismissed.

IV. **PLAINTIFF'S FDCPA CLAIM IS AN UNTIMELY COLLATERAL ATTACK ON THE VALIDITY OF THE STATE COURT'S JUDGMENT OF FORECLOSURE, AND SHOULD BE DISMISSED**

US Bank's Opening Brief set forth four separate grounds for dismissal of Plaintiff's FDCPA claim, none of which were meaningfully addressed in Plaintiff's Response. *See* Op. Br. at 11-13. First, the FDCPA provides plaintiffs a one-year window in which to initiate their claims. Plaintiff's federal action was filed nearly 5 years after US Bank initiated foreclosure proceedings, the act to which Plaintiff objects, and more than 18 months after the State court granted summary judgment in US Bank's favor. In response, Plaintiff does not claim her action was brought within that window, but makes a one sentence argument that "[t]he statute of limitation is tolled under the principles of fraudulent concealment and discovery of the harm." Resp. at 6. Ignoring for the moment that the Complaint contains no such allegations, such a defense would require some showing that Plaintiff could not have learned of her alleged FDCPA claim through the exercise of reasonable diligence. *E.g. Klehr v. A.O. Smith Corp.,* 521 U.S. 179, 194-95 (1997) (fraudulent concealment requires that plaintiff "neither knew nor, in the exercise of due diligence, could reasonably have known of the offense."). Plaintiff has not – and cannot – allege any fraudulent concealment by US Bank; clearly any attempt to collect the amounts due to US Bank through foreclosure proceedings was open and of public record.

8

Plaintiff's groundless claim that the "principals" of fraudulent concealment toll the limitations period is without merit. Count VIII is time-barred and should be dismissed on that basis alone.

Plaintiff's FDCPA claim also fails because the question of whether US Bank and ASC were proper parties to foreclose on her mortgage and seek payment of her Loan has already been resolved as to the parties. In her response, Plaintiff repeats her claim that US Bank's foreclosure action "is essentially an attempt to collect a debt which is not owed to Defendant US Bank." Compl. ¶ 165; *see also* Resp. at 5 (FDCPA "protects people who do not owe money at all").[2] But the Illinois circuit court has already held that US Bank could pursue that relief: it granted summary judgment to US Bank and approved US Bank's foreclosure. *See* Op. Br. at Ex. B (*US Bank N.A., as Trustee v. Poole*, 05 CH 006541 (Ill. Cir. Ct. June 9, 2008)). Accordingly, Plaintiff is estopped from relitigating that issue under the doctrine of *res judicata*. If Plaintiff disagreed with the circuit court's holding, she had the opportunity to appeal it to the state appellate court. Plaintiff declined to do so and, as a result, she cannot seek to pursue that claim in this Court under the guise of a FDCPA claim.

Her attempt to instead collaterally attack the circuit court's holding in federal court is likewise inappropriate under the *Rooker-Feldman* doctrine. Plaintiff's response to US Bank's *Rooker-Feldman* argument only augments US Bank's argument. Plaintiff claims that "[t]he principles of *Rooker-Feldman* and res judicata do not apply here, because the state court lacked subject matter jurisdiction." Resp. at 6 (citing Compl. ¶ 75). But Plaintiff's attack on the subject

---

[2] US Bank's Opening Brief also detailed how US Bank and ASC are not "debt collectors" as expressly defined under the FDCPA. Plaintiff's Response does not address the FDCPA's legal definition of a debt collector or point to any facts supporting her legal conclusion that they are debt collectors. Instead, Plaintiff asserts that "US Bank and ASC may or may not turn out to be 'debt collectors;' that is a matter of discovery." Resp. at 5. Plaintiff is mistaken. Plaintiff must allege facts in support of her claims, she cannot rely on speculation that is not supported by applicable law or the allegations in her Complaint. *Iqbal*, 129 S.Ct. at 1949-50.

1523082

matter jurisdiction of the state court, after the state court has rendered its judgment, is *precisely* the sort of collateral attack barred by the *Rooker-Feldman* doctrine – as this Court rightly noted when it dismissed Counts IV-VI. *See* Statement, Dkt. No. 20 at *2, in *Jones v. U.S. Bank, N.A., as Trustee*, 10-cv-00008 (N.D. Ill. Mar. 19, 2010). Plaintiff's claim that she did not have a full and fair opportunity to litigate in state court (Resp. at 6) is similarly unavailing. Plaintiff has not identified anything that would have prevented her from raising her subject matter claims to the trial court, or from appealing the trial court's judgment. As a result, Plaintiff is properly estopped from asserting that US Bank could not properly foreclose on Plaintiff's mortgage, and as a result, Plaintiff's FDCPA claim fails. *See* Op. Br. at 12-13.

## V. COUNT IX FAILS TO STATE A CLAIM AGAINST ASC FOR A VIOLATION OF THE FCRA.

Section 1681s-2(b) of the FCRA is triggered only after a "consumer credit reporting agency" notifies a "furnisher of information" of a customer's dispute. *See* 15 U.S.C. § 1681s-2(b). Plaintiff does not allege that a "consumer credit reporting agency" notified ASC that she disputed ASC's credit reporting. *See* Compl. ¶¶ 172-174. Instead, as Plaintiff's Response admits, she rests her FCRA argument on *her own alleged letters to ASC* (which are not attached to the Complaint). *See* Resp. at 6. But Section 1681s-2(b) has a specific trigger; receipt of information from a "consumer credit reporting agency." Plaintiff's own communications with ASC do not permit a private cause of action under the FCRA. As US Bank's Opening Brief explained, "[a]bsent some claim that Plaintiff triggered ASC's obligations by contacting the appropriate credit reporting agencies, she is not entitled to relief." Op. Br. at 14. Plaintiff makes no such claim. Therefore, Count IX is properly dismissed.

10

## **CONCLUSION**

For the reasons set forth above and in Defendants' Memorandum in Support, Dkt. No. 50 in *Jones v. U.S. Bank N.A., et al.*, 10-C-0008 (N.D. Ill. June 18, 2010), Defendants US Bank and ASC respectfully request that Counts I-III, and VIII-IX be dismissed under Rules 9(b) and 12(b)(6).

Dated: October 21, 2010                             Respectfully submitted,

By:  /s/ James V. Hart_____

Lucia Nale
Michelle V. Dohra
James V. Hart
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, Illinois  60606
(312) 782-0600
(312) 701-7711 (facsimile)
Firm I.D. 43948

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

    The undersigned, an attorney, hereby certifies that on October 21, 2010, he caused copies of Defendants U.S. Bank, N.A. and America's Servicing Company's Reply in Support of Their Motion to Dismiss for Failure to State a Claim to be served on all registered counsel via the Northern District of Illinois Electronic Filing System and by U.S. Mail, postage prepaid, to

    Selena Jones
    3622 Cherry Hill Drive
    Flossmoor, Illinois 606422

                                      By: /s/ James V. Hart

                                            James V. Hart

1523082