IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SELENA JONES, )<br>)<br>      Plaintiff, )<br>)<br>  v. )<br>)<br>US BANK NATIONAL ASSOCIATION, as )<br>Trustee for Credit Suisse First Boston 2004-AA1; )<br>AHL ACQUISITION, LLC, as Successor in )<br>Interest by Way of Merger to Aames Funding )<br>Corporation d/b/a Aames Home Loan; WELLS )<br>FARGO HOME MORTGAGE, INC., d/b/a )<br>America's Servicing Company; REAL TIME )<br>RESOLUTIONS, INC.; WILLIAM J. PARKER; )<br>CODILIS & ASSOCIATES, P.C.; UNKNOWN )<br>SHELL COMPANY; UNKNOWN TRUSTEE )<br>FOR UNKNOWN TRUST; UNKNOWN )<br>BENEFICIARY OF UNKNOWN TRUST; )<br>UNKNOWN HOLDER OF THE NOTE; )<br>)<br>      Defendants. ) | No. 10 C 0008 |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

For the reasons set forth below, defendant Real Time Resolution, Inc.'s "Motion to Dismiss" (Dkt. No. 59) is granted in part and denied in part. Jones's RESPA claim (Third Cause of Action) and FCRA claim (Ninth Cause of Action) are dismissed against RTR, and Jones's FDCPA Claim (Eighth Cause of Action) remains pending against RTR.

BACKGROUND

In this lawsuit, *pro se* plaintiff Selena Jones ("Jones") alleges that defendant Real Time Resolution, Inc. ("RTR") is liable to Jones for violations of the Real Estate Settlement

1

Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA") ("Third Cause of Action"), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") ("Eighth Cause of Action"), and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA") ("Ninth Cause of Action"), based on RTR's servicing of a consumer mortgage refinance transaction, Loan No. 0001686708, in the amount of $38,800.00 ("Second Loan"). (Dkt. No. 73 ("2d Am. Compl"). ¶¶ 12, 33, 119-125; 161-174.)

On July 2, 2010, RTR filed a "Motion to Dismiss" (Dkt. No. 59), arguing that Jones "fail[ed] to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6)." (*Id.*) The court separately addresses each of Jones's claims against RTR in the analysis that follows.

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint generally must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1940 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

If the allegations of a complaint "fail[ ] to state a claim upon which relief can be granted," the complaint will be dismissed. Fed. R. Civ. P. 12(b)(6). In making its determination in this case, the court construes Jones's Second Amended Complaint in the light most favorable to Jones, accepts as true all well-pleaded factual allegations set forth therein, and draws all reasonable inferences in Jones's favor. *Fednav Int'l Ltd. v. Continental Ins. Co.*, 624 F.3d 834,

837 (7th Cir. 2010).

ANALYSIS

1.  RESPA Claim (Third Cause of Action)

"RESPA is a consumer protection statute that regulates the real estate settlement process, including servicing of loans and assignment of those loans." *Catalan v. GMAC Mortg. Corp.*, ___ F.3d ___, No. 09-2182, 2011 WL 61627, at *1 (7th Cir. Jan. 10, 2011). In Jones's Third Cause of Action, Jones alleges that RTR is liable under RESPA, because RTR "failed to give Plaintiff credit for some of the periodic payments which were made, incorrectly calculated interest on the accounts, and failed to accurately debit fees." (2d Am. Compl. ¶ 123.) Jones further alleges that RTR "accepted charges for the rendering of real estate services which were in fact charges for other than services actually performed." (*Id.* ¶ 124.)

RTR argues that Jones has failed to state a claim under RESPA, because (1) "RESPA does not regulate matters of accounting" and (2) Jones has not alleged that RTR failed to timely respond to a qualified written request ("QWR") made to RTR in relation to the Second Loan. (Dkt. No. 61 ("RTR's Mem.") at 2.) Jones has not responded to either of these arguments. As a matter of procedure, once a motion to dismiss has been filed pursuant to Federal Rule of Civil Procedure 12(b)(6), it becomes the plaintiff's obligation to present legal argument and citations to relevant authority for purposes of substantiating the plaintiff's claims. *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005). If the plaintiff fails to respond to legitimate arguments raised by the defendant, the plaintiff's claims may be dismissed. *Id.* at 614-15. This court finds RTR's arguments on this point to be legitimate and supported by the cited authority. Accordingly, Jones's Third Cause of Action is dismissed against RTR.

2. FDCPA Claim (Eighth Cause of Action)

In her Eighth Cause of Action, Jones alleges that RTR violated § 1692g(b) of the FDCPA "by failing to obtain verification and validation of the alleged debt and mail copies thereof to the Defendant [sic] after it was timely disputed and demanded that verification and validation be sent to them." (2d Am. Compl. ¶ 169.) RTR argues that Jones's FDCPA claim must be dismissed, because it is barred by the FDCPA's one-year statute of limitations. 15 U.S.C. § 1692k(d); *see also Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997).

Jones's Second Amended Complaint does not allege any specific date on which she disputed the debt being serviced by RTR. However, RTR argues that Jones's dispute can only be considered "timely" made if it was within 30 days of Jones receiving her initial notice of debt from RTR. *See* 15 U.S.C. §§ 1692g(a) & (b). According to RTR, this initial notice was sent to Jones on April 3, 2008. (RTR's Mem., Ex. A ("Initial Notice").) Jones did not file her claims against RTR until January 22, 2010, approximately twenty-one months later.

This court may consider documents attached to a motion to dismiss to be "part of the pleadings" under Federal Rule of Civil Procedure 10(c), "if they are referred to in the plaintiff's complaint and are central to [her] claim." *McCready v. Ebay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (quoting *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002)). In this case, Jones did not refer to the Initial Notice in her Second Amended Complaint, and she disputes its authenticity. (*See* Dkt. No. 87 ("Jones's Resp.") at 3.) Under these circumstances, the court cannot consider the information contained in the Initial Notice in deciding RTR's motion to dismiss. *See Tierney v. Vahle*, 304 F.3d 734, 739 (7th Cir. 2002). Likewise, the court will not rely on the October 15, 2008 settlement agreement submitted by RTR (RTR's Mem., Ex. B), in

which RTR contends Jones explicitly recognized that the Second Loan was "fully outstanding and fully enforceable," thereby obviating the need for RTR to independently validate her debt. Again, Jones does not refer to this document in her Second Amended Complaint, and she disputes its authenticity, stating under penalty of perjury that she "did not sign any settlement agreement with RTR." (Dkt. No. 97 ("Jones Decl.") ¶ 1.) Because Jones's Second Amended Complaint does not include allegations "plainly reveal[ing] that [her] action is untimely," *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005), the court denies RTR's motion to dismiss Jones's Eighth Cause of Action against RTR.

RTR specifically requests that, "[i]f the Court determines . . . that the agreement may not be regarded as part of the pleadings," the court nevertheless grants RTR summary judgment "on this basis." (RTR's Mem. 6, n.4.) The court declines to do so without having engaged in the procedures set forth in Local Rule 56.1.

3.      FCRA Claim (Ninth Cause of Action)

In her Ninth Cause of Action, Jones alleges that RTR violated § 1681s-2 of the FCRA when RTR "made false statements to credit bureaus and neglected to make true statements to credit bureaus, including but not limited to an excessive amount of debt for which Plaintiff was tricked and deceived into signing." (2d Am. Compl. ¶ 173.) RTR argues that Jones's FCRA claim must be dismissed for lack of standing and for failure to state a claim

The court agrees that Jones lacks standing to bring a claim for violations of 15 U.S.C. § 1681s-2(a). *See* 15 U.S.C. § 1681s-2(c); *see also Pulliam v. Am. Express Travel Related Servs. Co.*, No. 08 C 6690, 2009 WL 1586012, at *2 (N.D. Ill. June 4, 2009) (Kennelly, J.). Jones's argument that, "as one of 'The People' and 'their Posterity' who created the federal government"

5

(Jones's Resp. 4), she represents the government for purposes of enforcing § 1681s-2(a) is unsupported by legal precedent. *See Perry v. First Nat'l Bank*, 459 F.3d 816, 822 (7th Cir. 2006) (recognizing that the FCRA, as amended in 2003, includes an "exemption from private actions for failure to comply with 15 U.S.C. § 1681s-2(a)").

RTR also argues that Jones has failed to state a claim for which relief can be granted under 15 U.S.C. § 1681s-2(b), insofar as Jones has not alleged "that she notified any credit reporting agency that RTR reported inaccurate or incomplete information . . . that any credit reporting agency notified RTR about any such challenge . . . [or] that RTR continued to furnish inaccurate or incomplete information after receiving any such notice." (RTR's Mem. 8.) Jones fails to respond to this argument. Because RTR has articulated a legitimate argument supported by the cited legal authority, *see Ori v. Fifth Third Bank*, 603 F. Supp. 2d 1171, 1174 (E.D. Wis. 2009) (Adelman, J.); *Rollins v. Peoples Gas Light & Coke Co.*, 379 F. Supp. 2d 964, 967 (N.D. Ill. 2005) (Gettleman, J.); *Densmore v. Gen. Motors Acceptance Corp.*, No. 03 C 1866, 2003 WL 22220177, at *2 (N.D. Ill. Sept. 25, 2003) (Manning, J.), RTR's motion to dismiss Jones's Ninth Cause of Action is granted.

## CONCLUSION

For the reasons set forth above, defendant Real Time Resolution, Inc.'s "Motion to Dismiss" (Dkt. No. 59) is granted in part and denied in part. Jones's RESPA claim (Third Cause of Action) and FCRA claim (Ninth Cause of Action) are dismissed against RTR. Jones's FDCPA Claim (Eighth Cause of Action) remains pending against RTR. RTR's Answer is due on or before March 8, 2011. Status hearing set for March 15, 2011 at 9:00 a.m. to discuss scheduling. Parties are encouraged to discuss settlement.

ENTER:

/s/ James F. Holderman
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: February 10, 2011