IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SELENA JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10 C 0008 |
| | ) | |
| US BANK NATIONAL ASSOCIATION, as Trustee for Credit Suisse First Boston 2004-AA1; AHL ACQUISITION, LLC, as Successor in Interest by Way of Merger to Aames Funding Corporation d/b/a Aames Home Loan; WELLS FARGO HOME MORTGAGE, INC., d/b/a America's Servicing Company; REAL TIME RESOLUTIONS, INC.; WILLIAM J. PARKER; CODILIS & ASSOCIATES, P.C.; UNKNOWN SHELL COMPANY; UNKNOWN TRUSTEE FOR UNKNOWN TRUST; UNKNOWN BENEFICIARY OF UNKNOWN TRUST; UNKNOWN HOLDER OF THE NOTE; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

In this lawsuit, *pro se* plaintiff Selena Jones ("Jones") alleges that defendant Codilis & Associates, P.C. is liable to Jones for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") ("Eighth Cause of Action"), based on Codilis & Associates, P.C.'s representation of defendant US Bank National Association, as Trustee for Credit Suisse First Boston 2004-AA1 ("US Bank") in foreclosure proceedings initiated against Jones in 2005 in the Circuit Court of Cook County, Illinois, County Department, Chancery Division (Case No. 2005-CH-06541) (the "Foreclosure Case").

1

On June 10, 2010, Codilis & Associates, P.C. filed a "Motion to Dismiss Plaintiff's Amended Complaint" (Dkt. No. 45), arguing that Jones's FDCPA claim should be dismissed for lack of jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, defendant Codilis & Associates, P.C.'s motion to dismiss is granted.[1]

BACKGROUND

At this stage in the litigation, the court under the law must accept the factual allegations set forth in Jones's Second Amended Complaint[2] as true for purposes of ruling on the pending motion, drawing all reasonable inferences in her favor. *Fednav Int'l Ltd. v. Continental Ins. Co.*, 624 F.3d 834, 837 (7th Cir. 2010). The facts set forth below are therefore stated from that perspective.

On April 12, 2005, Codilis & Associates, P.C., acting on behalf of US Bank, filed the Foreclosure Case against Jones in state court. (Dkt. No. 73 ("2d Am. Compl.") ¶¶ 68, 127.) The Foreclosure Case was based on Jones's alleged default on a loan in the amount of $155,200.00 ("First Loan"), which had been secured by a mortgage on Jones's home at 3622 Cherry Hill Drive, Flossmoor, IL 60422 (the "Property"). (*Id.* ¶¶ 26, 32, 68.) During the litigation of the Foreclosure Case, "Defendant US Bank and Defendant Codilis & Associates, P.C. falsely

---

[1] Jones's use of the term "Defendants" in the allegations supporting her FDCPA claim appears to refer collectively to Codilis & Associates, P.C., US Bank, defendant Wells Fargo Home Mortgage, Inc. d/b/a America's Servicing Company ("ASC"), and defendant Real Time Resolutions, Inc. ("RTR"). The court addresses Jones's FDCPA claims against US Bank, ASC, and RTR in separate court orders.

[2] On July 20, 2010, the court clarified that Codilis & Associates, P.C.'s motion to dismiss would apply to Jones's Second Amended Complaint. (Dkt. No. 71.)

represented to the Cook County Court that US Bank is an assignee" of Jones's underlying mortgage. (*Id.* ¶ 164.) In fact, "US Bank was not the mortgagee and was not an assignee." (*Id.* ¶ 69.)

Additionally, although Jones "timely disputed all notices and claims of debt and demanded verification and validation," Codilis & Associates, P.C. did not obtain verification and validation of the debt owed on the First Loan, or mail copies of this verification and validation to Jones. (*Id.* ¶ 163, 169.) Rather, Codilis & Associates, P.C. "continued debt collection attempts without verifying the debt." (*Id.* ¶ 166, 170.)

On June 9, 2008, US Bank obtained a judgment of foreclosure on the mortgage securing the First Loan. (*Id.* ¶ 74.) On January 6, 2010, the Property was sold as a result of the foreclosure judgment. (*Id.* ¶ 77.) Jones's FDCPA claim against Codilis & Associates, P.C. was filed on January 22, 2010. (Dkt. No. 8.)

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint generally must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1940 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

If the allegations of a complaint "fail[ ] to state a claim upon which relief can be granted," the complaint will be dismissed. Fed. R. Civ. P. 12(b)(6). In making its determination in this case, the court construes Jones's Second Amended Complaint in the light most favorable

3

to Jones, accepts as true all well-pleaded factual allegations set forth therein, and draws all reasonable inferences in Jones's favor. *Fednav Int'l Ltd.*, 624 F.3d at 837.

ANALYSIS

1. Jurisdiction

Codilis & Associates, P.C. argues that certain parts of Jones's FDCPA claim must be dismissed for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine, which generally "precludes lower federal court jurisdiction over claims seeking review of state court judgments." *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002). This court agrees.

On its face, Jones's FDCPA claim does not directly seek to set aside the state court judgment of foreclosure and sale of the Property. (*See, e.g.,* 2d Am. Compl. ¶ 189 (seeking "a Judgment and Decree for actual damages and costs").) However, federal claims "that do not on their face require review of a state court's decision may still be subject to *Rooker-Feldman* if those claims are 'inextricably intertwined' with a state court judgment." *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 532-33 (7th Cir. 2004) (quoting *Brokaw*, 305 F.3d at 664).

Jones has alleged that Codilis & Associates, P.C. "falsely represented to the Cook County Court that US Bank is an assignee [of Jones's mortgage securing the First Loan]," in violation of 15 U.S.C. § 1692e. (2d Am. Compl. ¶ 164.) As in *Taylor*, Jones argues that this misrepresentation constituted both a violation of federal statute (in this case, the FDCPA) *and* grounds for vacating the state court judgement of foreclosure. *Taylor*, 374 F.3d at 534; *see also* (2d Am. Compl. ¶¶ 74-75, 126-133, 164-165).[3] In her response brief, Jones takes the position

---

[3] Jones's causes of action requesting that this court vacate the Circuit Court of Cook County's June 9, 2008 judgement of foreclosure ("Fourth Cause of Action"), set aside the January 6, 2010 sale of the subject Property ("Fifth Cause of Action"), and quiet title to the

that "*Rooker-Feldman* does not bar subject matter jurisdiction when a federal plaintiff alleges a cause of action for extrinsic fraud on a state court and seeks to set aside a state court judgment obtained by that fraud." (Dkt. No. 79 ("Jones's Resp") at 2 (citing *Kougasian v. TMSL*, 359 F.3d 1136 (9th Cir. 2004).) Unfortunately for Jones, the Seventh Circuit has found that this is exactly the type of claim that *Rooker-Feldman* bars. *See Taylor*, 374 F.3d at 533 (plaintiff's claim "that a fraud was perpetrated on the state court" barred by the *Rooker-Feldman* doctrine, because "the relief granted when a claim of fraud on the court succeeds is that the party claiming fraud is relieved from the judgment, i.e., the judgment is set aside"). Although *Kougasian* does support Jones's argument, this court is obligated to follow precedent from the Seventh Circuit. *Hart v. Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan*, 360 F.3d 674, 680 (7th Cir. 2004) ("absent a change in the state of the law, it would generally be an abuse of discretion for a district court to follow out-of-circuit precedent which conflicts with binding precedent from its own circuit"). Under these circumstances, and considering in full Jones's argument that the state court lacked subject-matter jurisdiction because of the alleged fraud by Codilis & Associates, P.C., the court finds that Jones's claim for relief under § 1692e is inextricably intertwined with her effort to set aside the state court judgment of foreclosure and is therefore barred by the *Rooker-Feldman* doctrine.

This court has previously found that Jones had a reasonable opportunity to raise her concerns about the validity of the foreclosure proceedings in the state court. (Dkt. No. 27 ("3/30/10 Order") at 2.) In her response to Codilis & Associates, P.C.'s motion to dismiss, Jones

---

subject Property ("Sixth Cause of Action") were dismissed by this court for lack of jurisdiction under the *Rooker-Feldman* doctrine on March 19, 2010. (Dkt. No. 20.)

argues again that, "because of the alleged fraud, Plaintiff did not have a full and fair opportunity to litigate in state court." (Jones's Resp. at 2.) This court disagrees. "The 'reasonable opportunity' inquiry focuses . . . on difficulties caused by 'factor[s] independent of the actions of the opposing part[ies]' . . . , such as state court rules or procedures." *Taylor*, 374 F.3d at 534-35 (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 558 (7th Cir. 1999) (some alterations in original)). In other words, a party may not "rely on the deception of her opponents to demonstrate that she was not afforded a reasonable opportunity" to raise her claim in the state court proceedings. *Long*, 182 F.3d at 559. This court is not persuaded that Jones lacked a reasonable opportunity to raise the issue of fraud with the state court.

Jones also alleges that Codilis & Associates, P.C. violated § 1692f of the FDCPA by "continu[ing] debt collection attempts without verifying the debt" after Jones had sent "debt dispute letters" to Codilis & Associates, P.C. (2d Am. Compl. ¶ 166.) However, § 1692f does not actually address this type of conduct. *Cf.* 15 U.S.C. § 1692g(b). To the extent Jones alleges that Codilis & Associates, P.C. violated § 1692f by attempting to collect a debt that is not actually owed, (*see* 2d Am. Compl. ¶¶ 167-68), the court finds that this aspect of Jones's FDCPA claim is also barred by the *Rooker-Feldman* doctrine as "inextricably intertwined" with the state court judgment.

Because Jones's claims for relief under § 1692e and § 1692f are inextricably intertwined with the state court judgment of foreclosure, and because Jones had a reasonable opportunity to raise any issues regarding US Bank's legal authority to collect on the First Loan as part of the state court proceedings, Jones's FDCPA claim must be dismissed in relevant part for lack of subject-matter jurisdiction.

6

The question of whether Codilis & Associates, P.C. complied with the debt collection procedures set forth in § 1692g(b) of the FDCPA was not an issue in the Foreclosure Case, and litigation of Jones's allegations in this regard does not invite the court to review the state court judgement. Accordingly, this part of Jones's FDCPA claim is not subject to the *Rooker-Feldman* bar.

2.     Statute of Limitations

Codilis & Associates, P.C. next argues that the remainder of Jones's FDCPA claim is barred by the FDCPA's one-year statue of limitations. *See* 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court . . . within one year from the date on which the violation occurs.").

To determine "the date on which the violation occurs," and thus the starting point for the statute of limitations on Jones's FDCPA claim, this court looks to the specific violation alleged by Jones against Codilis & Associates, P.C. under § 1692g(b). Section 1692g(b) states, in relevant part, that when a consumer timely notifies a debt collector in writing that a debt is disputed,

> the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b). Courts addressing the issue of accrual under § 1692g(b) have found, because "[t]he FDCPA places no time limit on a debt collector's verification of an outstanding debt[, but] merely prohibits any debt collection activity until verification occurs," a cause of action brought under § 1692g(b) "does not arise until the illegal debt collection activity occurs."

7

*Bond v. U.S. Bank Nat'l Ass'n*, No. 09-14541, 2010 WL 1265852, at *3 (E.D. Mich. Mar. 29, 2010); *accord Poulin v. The Thomas Agency*, No. 09-cv-575-GZS, 2011 WL 140477, at *5 (D. Me. Jan. 13, 2011).

It is not clear from the face of the Second Amended Complaint exactly when Codilis & Associates P.C. first communicated with Jones regarding collection of the debt owed on the First Loan, or when Jones disputed the debt. (*See* 2d Am. Compl. ¶ 163 (alleging only that Jones "timely disputed all notices and claims of debt and demanded verification and validation").) Codilis & Associates, P.C. tells the court that these communications took place in April and May of 2005 (Dkt. No. 46 ("Codilis Mem.") at 7), but these dates are not contained in the Second Amended Complaint, and the court cannot rely on materials outside the pleadings at this point in the litigation. Fed. R. Civ. P. 12(d); *see also* (Dkt. No. 108 ("2/14/2011 Dismissal Order") at 4-5). Moreover, for the reasons set forth above, these dates are also insufficient on their own to start the clock on Jones's § 1692g(b) claim.

On the other hand, a common sense reading of the allegations in the Second Amended Complaint shows that Jones's § 1692g(b) claim against Codilis & Associates, P.C. is time-barred. *See Iqbal*, 129 S. Ct. at 1950 (courts should "draw on [their] judicial experience and common sense" when addressing a motion to dismiss). It is clear that Jones disputed the debt owed on the First Loan sometime *before* US Bank and Codilis & Associates, P.C. "instituted foreclosure proceedings." (*See* 2d Am. Compl. ¶ 170 ("Defendants . . . continu[ed] to proceed with debt collection activities, including instituting foreclosure proceedings, without providing the required verification and validation.").) Once Codilis & Associates, P.C. filed the Foreclosure Case in April 2005, it engaged in a post-dispute debt collection activity without

8

having verified the debt owed on the First Loan, and the statute of limitations on Jones's § 1692g(b) claim began to run. Because Jones's § 1692g(b) claim against Codilis & Associates, P.C. was not filed until January 22, 2010, her claim falls well outside the one-year statute of limitations.

Jones argues in her response that Codilis & Associates, P.C.'s failure to provide validation and verification of the debt associated with the First Loan "re-curred again on each and every day until the present." (Dkt. No. 79 ("Jones's Resp.") at 3.) The court disagrees. As discussed above, a violation of § 1692g(b) occurs, and the statute of limitations begins to run, when an illegal debt collection activity takes place. The only debt collection activity that Jones alleges Codilis & Associates, P.C. engaged in after Jones disputed the debt on the First Loan is the initiation of the Foreclosure Case against Jones in April 2005. That Codilis & Associates, P.C. "failed to produce [verification and validation of the debt on the First Loan] on every day thereafter . . . does not toll the statute of limitations." *Judy v. Blatt, Hasenmiller, Leibsker & Moore LLC*, No. 09 C 1226, 2010 WL 431484, at *4 (N.D. Ill. Jan. 29, 2010). Moreover, continuing to prosecute the Foreclosure Case is not itself a discrete debt collection activity sufficient to toll or restart the statute of limitations. *Id.*; *see also Woods v. Wells Fargo Fin. Bank*, No. 1:10-cv-219-RLY-TAB, 2010 WL 4629905, at *3 (S.D. Ind. Nov. 4, 2010) (in cases where the violation arises out of a collection lawsuit, "the FDCPA's statute of limitations begins to run . . . when the allegedly wrongful litigation begins"); *Calka v. Kucker, Kraus & Bruh, LLP*, No. 98 Civ. 0990(RWS), 1998 WL 437151, at *3 (S.D.N.Y. Aug. 3, 1998) (defendants' filing of an amended complaint and motion for summary judgment did not create a new FDCPA violation distinct from the initial filing of the lawsuit).

A close reading of the Second Amended Complaint shows that Jones has alleged Codilis & Associates, P.C. "continu[ed] to proceed with debt collection activities" (2d Am. Compl. ¶ 170), and Jones has argued that "these violations could continue into the present." (Jones's Resp. at 3.) The court finds Jones's vague allegations in this regard insufficient to state a plausible right to relief. The state court granted US Bank a judgment of foreclosure on the mortgage securing the First Loan on June 9, 2008. (2d Am. Compl. ¶ 74.) At that point, Codilis & Associates, P.C. simply had no reason to engage in further debt collection efforts against Jones, other than bringing the Foreclosure Case to a close through the judicial sale of the Property. Moreover, as noted above, Jones has not alleged that Codilis & Associates, P.C. engaged in any debt collection efforts other than the litigation of the Foreclosure Case.

This court finds that the allegations of the Second Amended Complaint "set forth everything necessary" to satisfy Codilis & Associates, P.C.'s statute of limitations defense. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Accordingly, Jones's § 1692g(b) claim against Codilis & Associates, P.C. is dismissed as time-barred.

## CONCLUSION

For the reasons set forth above, defendant Codilis & Associates, P.C.'s "Motion to Dismiss Plaintiff's Amended Complaint" (Dkt. No. 45) is granted. Jones's FDCPA claim against Codilis & Associates, P.C. under 15 U.S.C. §§ 1692e and 1692f is dismissed for lack of subject-matter jurisdiction, and the remainder of Jones's FDCPA claim against Codilis & Associates, P.C. is dismissed in its entirety as time barred. All claims against Codilis & Associates, P.C. having been resolved, Codilis & Associates, P.C. is dismissed as a defendant from this lawsuit.

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: February 25, 2011