IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SELENA JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10 C 0008 |
| | ) | |
| US BANK NATIONAL ASSOCIATION, as | ) | |
| Trustee for Credit Suisse First Boston 2004-AA1; | ) | |
| AHL ACQUISITION, LLC, as Successor in | ) | |
| Interest by Way of Merger to Aames Funding | ) | |
| Corporation d/b/a Aames Home Loan; WELLS | ) | |
| FARGO HOME MORTGAGE, INC., d/b/a | ) | |
| America's Servicing Company; REAL TIME | ) | |
| RESOLUTIONS, INC.; WILLIAM J. PARKER; | ) | |
| CODILIS & ASSOCIATES, P.C.; UNKNOWN | ) | |
| SHELL COMPANY; UNKNOWN TRUSTEE | ) | |
| FOR UNKNOWN TRUST; UNKNOWN | ) | |
| BENEFICIARY OF UNKNOWN TRUST; | ) | |
| UNKNOWN HOLDER OF THE NOTE; | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

In this lawsuit, *pro se* plaintiff Selena Jones ("Jones") alleges in her Seventh Cause of Action that defendant William J. Parker ("Parker") is liable to Jones for breach of fiduciary duty, due to Parker's failure to zealously represent Jones in a mortgage foreclosure lawsuit in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, Case No. 2005-CH-06541 ("Foreclosure Case").

Pending before the court is the "Motion of William J. Parker to be Dismissed as a Party Defendant" pursuant to Rule 12(b)(1), Rule 19(a), and Rule 20(a). (Dkt. No. 74.) For the

1

reasons set forth below, Parker's motion is granted.

BACKGROUND

At this stage in the litigation, the court under the law must accept the factual allegations set forth in Jones's Second Amended Complaint as true for purposes of ruling on the pending motion and draw all reasonable inferences in Jones's favor. *Fednav Int'l Ltd. v. Continental Ins. Co.*, 624 F.3d 834, 837 (7th Cir. 2010). The facts set forth below are therefore stated from that perspective.

On April 12, 2005, US Bank[1] filed the Foreclosure Case against Jones in state court. (Dkt. No. 73 ("2d Am. Compl.") ¶¶ 68, 127.) The Foreclosure Case was based on Jones's alleged default on a loan in the amount of $155,200.00 ("First Loan"), which had been secured by a mortgage on Jones's home at 3622 Cherry Hill Drive, Flossmoor, IL 60422 (the "Property"). (*Id.* ¶¶ 26, 32, 68.) During the litigation of the Foreclosure Case, "Defendant US Bank and Defendant Codilis & Associates, P.C. falsely represented to the Cook County Court that US Bank is an assignee" of Jones's underlying mortgage. (*Id.* ¶ 164.) In fact, "US Bank was not the mortgagee and was not an assignee." (*Id.* ¶ 69.) Additionally, Jones was never served with a notice of default, and no notice of default was filed in the county property records. (*Id.* ¶ 67.) Jones notified the original lender of her intent to cancel the First Loan four days after she signed the relevant mortgage documents. (*Id.* ¶¶ 32, 63.)

---

[1] Jones has also filed claims against US Bank National Association, as Trustee for Credit Suisse First Boston 2004-AA1 ("US Bank"), its counsel, Codilis & Associates, P.C., and other defendants involved in the execution and servicing of Jones's loans. Jones's claims against other defendants are addressed in separate opinions and orders. (*See* Dkt. Nos. 108, 112, 120.)

Parker was Jones's "attorney of record" in the Foreclosure Case. (*Id.* ¶ 71.) However, Parker "failed and neglected to point out to the judge that [US Bank] was not the real party in interest" and "failed and neglected to point out to the judge that there was no Notice of Default." (*Id.* ¶¶ 72-73.)

On June 9, 2008, US Bank obtained a judgment of foreclosure on the underlying mortgage. (*Id.* ¶ 74.) On January 6, 2010, the Property was sold as a result of the foreclosure judgment. (*Id.* ¶ 77.)

## LEGAL STANDARD

"Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a claim for lack of subject matter jurisdiction." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). When reviewing a motion to dismiss for lack of subject-matter jurisdiction, the court "accept[s] all facts stated in complaint as true and draw[s] all reasonable inferences in the [plaintiff's] favor." *Scott Air Force Base Properties, LLC v. County of St. Clair, Ill.*, 548 F.3d 516, 519 (7th Cir. 2008).

## ANALYSIS

In her Second Amended Complaint, Jones alleges that "[j]urisdiction is under including but not limited to 28 U.S.C. 1331 (Federal Question), 28 U.S.C. 1332 (Diversity)." (Dkt. No. 73 ("2d Am. Compl.") ¶ 4.) Jones also "requests that this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. 1367." (*Id.*)

It is undisputed that Jones and Parker are both Illinois citizens; thus, jurisdiction is not appropriate over Jones's claim against Parker under 28 U.S.C. § 1332(a). Additionally, although Jones has alleged a number of claims in this case "arising under the Constitution, laws, or

treaties of the United States," 28 U.S.C. § 1331, her claim against Parker for breach of fiduciary duty arises under state law and is not a federal question. This court's jurisdiction, if any, over Jones's claim against Parker must therefore be derived from the court's supplemental jurisdiction.

"Where a district court has original jurisdiction over some claims . . . it has supplemental jurisdiction 'over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.'" *Miller v. Herman*, 600 F.3d 726, 738 (7th Cir. 2010) (quoting 28 U.S.C. § 1367(a)). Once established, a court "may decline to exercise supplemental jurisdiction in certain situations." *Id.* (citing 28 U.S.C. § 1367(c)).

Parker argues "the clear facts of the case do not warrant . . . supplemental jurisdiction," in light of the fact that Parker "was not involved in the origination of the loan in question . . . and there is not other issue common to William Parker and all of the other parties." (Dkt. No. 74 ("Parker's Mem.") at 2.) Jones responds that "one common question of law" between her claim against Parker and her federal claims in this lawsuit "is whether US Bank was the real party in interest for judicial foreclosure." (Dkt. No. 80 ("Jones's Resp.") at 2.) Jones further argues that "[c]ommon question[s] of fact are whether US Bank was the owner and holder of the Note; whether US Bank was the mortgagee; [and] whether US Bank was the assignee," in addition to factual and legal questions regarding "[t]he giving of notice of cancellation, and the consequent voidness of the security interest." (*Id.* at 2-3.)

Jones's claims in this lawsuit originally included a claim against US Bank and Codilis & Associates, P.C. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") ("Eighth Cause of Action"). This court has found, however, that under the

4

*Rooker-Feldman* doctrine it lacks subject-matter jurisdiction over any of Jones's allegations in this lawsuit that US Bank and Codilis & Associates, P.C. engaged in fraud before the state court or otherwise attempted to collect a debt that is not actually owed. (*See* Dkt. No. 112 at 4-6; Dkt. No. 120 at 13-14.) Because this court never had original jurisdiction over these aspects of Jones's federal FDCPA claim, it cannot serve to anchor this court's jurisdiction over Jones's state law claim against Parker. *Miller*, 600 F.3d at 738 ("if there is no subject matter jurisdiction, there can be no supplemental jurisdiction").

Jones has failed to identify a federal claim in this lawsuit that shares a common question of fact with Jones's state law claim against Parker *and* over which this court has subject-matter jurisdiction. Accordingly, Jones cannot establish supplemental subject-matter jurisdiction over her claim against Parker for breach of fiduciary duty under 28 U.S.C. § 1367(a).

## CONCLUSION

For the reasons set forth above, the "Motion of William J. Parker to be Dismissed as a Party Defendant" (Dkt. No. 74) is granted. Plaintiff Selena Jones's claim against Parker is dismissed without prejudice for lack of subject-matter jurisdiction, and Parker is dismissed as a defendant in this lawsuit.

                ENTER:

                *James F. Holderman*
                JAMES F. HOLDERMAN
                Chief Judge, United States District Court

Date: March 14, 2011