**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| Selena Jones, | |
| Plaintiff, | |
| v. | No. 10-C-0008 |
| | Judge James F. Holderman |
| U.S. Bank, N.A., *as Trustee*, et al., | |
| Defendants. | |

**DEFENDANTS U.S. BANK, N.A. AND AMERICA'S SERVICING COMPANY'S REPLY
MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS
THIRD AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

US Bank properly foreclosed on Plaintiff's mortgage in the Circuit Court of Cook County, Illinois. Plaintiff is now in this Court seeking a reconsideration of the state foreclosure proceedings through a variety of inapplicable and unsupported claims, while at the same time attempting to re-litigate her state foreclosure proceedings in state court. Resp. at 5. As US Bank and ASC demonstrated in their Opening Brief, Plaintiff fails to state any claims against them and the Third Amended Complaint ("Complaint") should be dismissed. In response, Plaintiff relies mainly on her flawed third amended pleadings, which do not set forth any cognizable claim for relief under Rule 8 and Rule 9(b) of the Federal Rules of Civil Procedure. As this Court previously decided when dismissing all but one of the claims alleged in her second amended complaint, Plaintiff's allegations do not state a valid RICO claim and this is not the proper forum for Plaintiff to collaterally attack the state court's foreclosure judgment in favor of US Bank. Mem. Op. at 8, Dkt. 120 (holding that "the state court already determined that Jones owed a lawful debt to US Bank . . . this court cannot consider claims that are "inextricably intertwined"

with the state court judgment"). Plaintiff's Third Amended Complaint against US Bank and ASC should be dismissed with prejudice.

## I. PLAINTIFF HAS NOT ALLEGED A RICO CLAIM AS A MATTER OF LAW.

Count I of Plaintiff's Complaint contains the same allegations that the Court already deemed insufficient to state a RICO claim against US Bank and ASC as a matter of law. *See, e.g.* Compl. ¶¶ 91-116; 2d Am. Compl. ¶¶ 83-108; Memo. Op. at 9, Dkt. 120 ("To the extent Jones still asserts a RICO claim based on a "pattern of racketeering activity," the court finds that Jones has failed to adequately set forth a "pattern" of fraud pursuant to the heightened pleading requirements of Rule 9(b)"). Plaintiff's response vaguely argues that US Bank and ASC violated one of the four provisions of 18 U.S.C. 1962(a) through (d), without any supporting facts. Resp. at 2. As set forth in US Bank's opening brief, Plaintiff has still failed to allege any of the elements of a valid RICO claim and has not met the heightened pleading requirements of Rule 9(b). *See* Op. Br. 3-8.

### A. Plaintiff's Amended RICO Claim Still Fails To Plead A Separate Enterprise As A Matter of Law.

Plaintiff did not amend any of her boilerplate allegations relating to her claims of a purported "enterprise" and reiterated the exact same gross generalizations that doomed her Second Amended Complaint.[1] *See* Compl. ¶¶ 101-13; Memo. Op. at 7, 9, Dkt. 120. This fact alone establishes that Plaintiff cannot state a RICO claim as a matter of law. *Id.*; *Crichton v. Golden Rule Ins. Co.,* 576 F.3d 392, 398 (7th Cir. 2009) ("[a] RICO complaint must identify the

---

[1] Plaintiff's response erroneously argues that "Judge Holderman's ORDER [119] did not require any change to the enterprise allegations." Resp. at 3. Plaintiff's RICO claim was dismissed for "failure to state a claim under Rule 9(b) to the extent this claim is based on a pattern of racketeering activity." Ct. Order, Dkt. 119. The Court's Memorandum Opinion and Order (at 7, Dkt. 120) also held that Plaintiff must plead "both a 'pattern of racketeering activity' . . . and an 'enterprise.'" Nothing in the Court's decision dismissing Plaintiff's second amended complaint supports that Plaintiff adequately pled an "enterprise." As set forth above and in US Bank's and ASC's opening brief, Plaintiff has failed to do so as a matter of law. *See* Op. Br. at 3-8.

enterprise"); Op. Br. at 4-5. Plaintiff's "vague allegations of a RICO enterprise made up of a string of participants, known and unknown, lacking any distinct existence and structure" are insufficient to state a RICO claim as a matter of law. *Stachon v. United Consumers Club*, 229 F.3d 673, 676 (7th Cir. 2000); *Slaney v. International Amateur Athletic Federation*, 244 F.3d 580, 597 (7th Cir. 2001); *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 726 (7th Cir. 1998). Moreover, "RICO plaintiffs cannot establish structure by defining the enterprise through what it supposedly does." *Stachon*, 229 F.3d at 676. But that is precisely what Plaintiff continues to allege: that Plaintiff's "enterprise" exists as an amorphous combination of individuals, partnerships, and others with no other defined purpose but for purported "concerted and predetermined acts and conduct specifically designed to defraud Plaintiff." Compl. ¶ 104. The purported enterprise described by Plaintiff remains insufficient as a matter of law and Count I should be dismissed on this basis alone.

> **B. Plaintiff's Amended RICO Claim Does Not Allege Actionable Predicate Acts, Nor Do They Constitute a Pattern of Racketeering Activity Within The Meaning of RICO.**

The lone paragraph Plaintiff did amend still does not allege with sufficient particularity an actionable RICO claim against US Bank or ASC. Op. Br. at 5-8; Compl, ¶ 90; 2d Am. Compl. ¶ 82. In response, Plaintiff asserts that the following allegation meets the heightened pleading requirements alleging mail and wire fraud under RICO: "After closing, Aames falsely represented by mail to the IRS that each of the Mortgages qualified as a 'qualified mortgage' under REMIC." Compl. ¶ 90(1) Resp. at 3-4. Putting aside that this allegation was not even directed against US Bank or ASC, Plaintiff's amended paragraph 90(1) simply does not include

the necessary specificity to sustain a RICO claim.[2] *Goren,* 156 F.3d at 726; *Ackerman v. Nw. Mutual Life Ins. Co.,* 172 F.3d 467, 469 (7th Cir. 1999).

US Bank's Opening Brief also demonstrated that Plaintiff has not pled a pattern of racketeering activity, both because her allegations lack the necessary specificity to properly identify any alleged predicate act sufficient to state a claim under Rule 9(b) and because she, at best, alleges a single purported scheme directed at a single victim and resulting in a single injury. *See* Op. Br. at 5-6; *see also* Compl. ¶¶ 90, 99 (alleging scheme devised by Defendants to induce reliance by "Plaintiff"); ¶ 100 ("The actions of the Defendants were committed intentionally, willfully, wantonly, and with reckless disregard for the rights of the Plaintiff"). In her response, Plaintiff conclusorily asserts (without any identification) that the "Complaint includes at least two acts committed within ten years; they are related." Resp. at 7. This argument only highlights the non-specific nature of Plaintiff's allegations as she continues to rely on an amorphous alleged theory of racketeering activity that is unsupported by any allegations in her Complaint. *Id.* Plaintiff's pleadings come nowhere near the level of specificity required under Rule 9(b), as they include no information on the time, place and content of the allegedly fraudulent communications. *Goren*, 156 F.3d at 726. Plaintiff's RICO claim should again be dismissed for failure to state a claim based upon a pattern of racketeering activity. Mem. Op. at 7-9, Dkt. 120.

---

[2]   The other "new" allegations contained in Plaintiff's amended RICO claim include alleged facts concerning the contents of Securities and Exchange Commission Filings, which are not actionable under RICO. Op. Br. at 6. Plaintiff's response claims that the exclusion of securities fraud as a predicate act for civil RICO purposes absent a criminal conviction (18 U.S.C. § 1964(c)) is unconstitutional under the Equal Protection Clause. Resp. at 4. No such allegation appears in the Complaint, and therefore no reply is required. Regardless, "[a]n equal protection violation occurs only when different legal standards are arbitrarily applied to similarly situated individuals." *Smith ex rel. Smith v. Severn,* 129 F.3d 419, 429 (7th Cir. 1997). Congress's decision for securities fraud violations to be excluded as a basis for RICO claims is not applied differently to similarly situated individuals and raises no Equal Protection concerns.

**C.      Plaintiff's Alleged RICO Claim is Barred By The *Rooker-Feldman* Doctrine.**

Finally, the additional allegations Plaintiff relies on in her response to show a "pattern of racketeering" assert that ASC and USC Bank allegedly "falsified the foreclosure chain" and falsified documents sent in the mail relating to the foreclosure, including falsely representing by mail that "US Bank was the owner and holder of the First Note." Compl. ¶ 90.  Not only do these allegations fail to establish a valid RICO claim, they also evidence that Plaintiff's alleged RICO claim remains "inextricably intertwined with the state court judgment of foreclosure [where] Jones had a reasonable opportunity to raise any issues regarding US Bank's legal authority to collect on the First Loan as part of the state court proceedings."  Mem. Op. at 6, Dkt. 112. The jurisdictional bar imposed by the *Rooker-Feldman* doctrine bars Plaintiff's amended RICO claim as well. Memo. Op. at 8, Dkt. 120.

In response, Plaintiff argues that "there are exceptions to the Rooker-Feldman doctrine when a state court judgment is void; or when the plaintiff did not have a full, fair and complete opportunity to litigate in state court."[3] Resp. at 4. Plaintiff made a similar argument in response to Codilis & Associates' motion to dismiss when she asserted that Codilis had perpetrated a fraud on the state court and that "Plaintiff did not have a full and fair opportunity to litigate in state court." Mem. Op. at 5-6, Dkt. 112. In granting Codilis & Associates' motion to dismiss, this Court rejected Plaintiff's argument regarding fraud, finding that "this is the exactly the type of claim that *Rooker-Feldman* bars." *Id.* at 5; *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 533 (7th Cir. 2004). The Court also held that that "[t]his court is not persuaded that Jones lacked a reasonable opportunity to raise the issue of fraud with the state court." Mem. Op. at 6, Dkt. 112.

---

[3]  None of Plaintiff's cited cases in support of her argument that an exception to the *Rooker-Feldman* doctrine should apply here even discusses the *Rooker-Feldman* doctrine. *See State of Montana v. United States*, 440 U.S. 147 (1979); *Blonder-Tongue Lab., Inc. v. University of Il. Found.*, 402 U.S. 313 (1971); *United States v. Throckmorton*, 98 U.S. 61 (1878) (decided prior to *Rooker-Feldman* decisions).

The same result should occur here and Plaintiff's RICO claim should be dismissed with prejudice as a matter of law.[4]

## II.  PLAINTIFF'S RESPA CLAIM SHOULD BE DISMISSED AS A MATTER OF LAW.

As demonstrated in ASC's opening brief (at 8-9), Plaintiff cannot state a RESPA claim against ASC after her Loan default (prior to April 25, 2011), and any attempt by Plaintiff to argue that she submitted a QWR before her default is not supported by the allegations in her Complaint and would also be time barred as a matter of law. *See* 12 U.S.C. § 2614 ("Any action pursuant to the provisions of section 2605...of this title may be brought in the United States district court or in any other court of competent jurisdiction...within 3 years in the case of a violation of section 2605 of this title"). Plaintiff would have had to submit a valid QWR on or after January 4, 2007, in order to avoid being time-barred. *Id.*; Dkt. 1 (filed January 4, 2010). Based upon Plaintiff's own allegations, she does not – and cannot – argue that she did so. *See* Compl. ¶¶ 117-123. Even if Plaintiff somehow could allege she submitted a QWR after January 4, 2007, ASC would not be subject to the compliance requirements of the Act because ASC would have ceased being a "servicer" within the meaning of RESPA. *See Bilek v. Bank of America, N.A.*, 2011 WL 830948, at *5 -*6 (N.D. Ill. Mar. 3, 2011) (rejecting RESPA claim where alleged servicer was no longer receiving scheduled periodic payments on underlying Loan, thus servicer "was not servicing the loan-*as defined by RESPA*-at the time" QWRs were sent) (emphasis added).

A RESPA violation cannot be triggered under Plaintiff's alleged facts as ASC was not a "servicer" of her Loan under RESPA almost two years after the foreclosure action was filed and

---

[4]  Plaintiff's response also references her pending "Petition for Relief from Judgment and Motion to Reopen Proofs." Resp. at 5. Plaintiff's pending petition in state court seeking to "revisit" her foreclosure on similar allegations to those contained in her Complaint does not help save her federal claims; it only further illustrates why the *Rooker-Feldman* doctrine bars them. *Id.*

6

Plaintiff was in default. Plaintiff argues that "ASC continued to send statements to Plaintiff, thus ASC was acting like a servicer and is estopped from denying that it was a servicer." Resp. at 8. However, merely sending statements does not trigger servicing responsibility under RESPA; "servicing" means "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan." 12 U.S.C. § 2605(i)(2); § 2605(i)(3). Plaintiff's purported QWRs were either sent to ASC after her default, when ASC was no longer receiving payments as a "servicer" of her Loan, or her RESPA claim is time-barred. *Bilek*, 2011 WL 830948, at *5. Accordingly, Plaintiff's RESPA claim should be dismissed as a matter of law.

## III.    COUNT IV FAILS TO STATE A CLAIM FOR VIOLATION OF THE FDCPA.

US Bank and ASC's Opening Brief detailed how Count IV is also time-barred and that US Bank and ASC are not "debt collectors" as expressly defined under the FDCPA. *See* Op. Br. at 10-13. Plaintiff fails to even respond to the argument that her FDCPA claim is time-barred. Resp. at 8. In addition, Plaintiff's response fails to address whether defendants meet the FDCPA's legal definition of a debt collector. *Id.* Plaintiff's own allegations support that US Bank and ASC acquired their interests *before* Plaintiff's Loan entered default. *See* Op. Br. at 11-12; *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 959 (7th Cir. 1997) (affirming dismissal of FDCPA claim where defendant acquired interest in the disputed debt before the customer defaulted); *see also Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir.1985) ("a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."). In response, Plaintiff relies on the erroneous argument that "US Bank was not owner or holder of the Note(s)," therefore, US Bank cannot be a creditor. *Id.* ("paragraph 75 alleges that "US Bank was not owner or holder of the Note(s)" which means that US Bank is not a creditor. . . ."). Plaintiff is mistaken.

Plaintiff must allege *facts* supporting her claims, she cannot rely on mere conclusions or speculation that are not supported by applicable law or the well-pled allegations in her complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-59 (2009). In addition, her argument that US Bank was not the holder of her Loan as the sole basis for her alleged FDCPA claim is an improper attempt to again collaterally attack the Illinois circuit court's holding in her foreclosure case, which the Court has already ruled is barred under the *Rooker-Feldman* doctrine. *See* Mem. Op. at 8, Dkt. 120; Mem. Op. at 6, Dkt. 112 (dismissing Plaintiff's FDCPA claim against Codilis because "to the extent Jones alleges that [Codilis] violated § 1692f by attempting to collect a debt that is not actually owed . . . the court finds that this aspect of Jones's FDCPA claim is also barred by the *Rooker-Feldman* doctrine as "inextricably intertwined" with the state court judgment").

The question of whether US Bank was the proper party to foreclose on her mortgage and seek payment of her Loan (*i.e.* the holder of the Note) has already been resolved. The Illinois circuit court already held that US Bank was the Note holder when it granted summary judgment to US Bank and approved US Bank's foreclosure. *See* Judgment for Foreclosure and Sale, Dkt. 50, Ex. B (*US Bank N.A., as Trustee v. Poole*, 05 CH 006541 (Ill. Cir. Ct. June 9, 2008)). Plaintiff is estopped from relitigating that issue under the guise of a FDCPA claim. As this Court has already concluded, Plaintiff's attempt to collaterally attack the circuit court's holding in federal court is barred under the *Rooker-Feldman* doctrine. Mem. Op. at 6, Dkt. 112; Mem. Op. at 8, 14, Dkt. 120. Accordingly, Count IV should be dismissed with prejudice.

## IV. COUNT V FAILS TO STATE A CLAIM AGAINST ASC FOR A VIOLATION OF THE FCRA.

Plaintiff still has not sufficiently alleged a FCRA claim or "plausible right to relief under § 1681s-2(b)." *See* Mem. Op. at 17, Dkt. 120; Op. Br. at 12-13. Nothing in Plaintiff's response

demonstrates otherwise. First, Plaintiff argues without any supporting case law that it is "unconstitutional to create a statute based on harm to a consumer" without a private cause of action under § 1681s-2(a). Resp. at 8. However, this Court has already held that "to the extent Jones argues that the FCRA is 'unconstitutional under the Equal Protection Clause' in its treatment of certain credit reporting agencies . . . the court finds this argument to be unsupported and unpersuasive." *See* Mem. Op. at 17, Dkt. 120. Plaintiff's argument here should be similarly rejected. Second, Plaintiff's response argues that she "lacks sufficient information" to determine what wrongdoing ASC allegedly committed under the FCRA and it should be left "up to discovery to determine which one." Resp. at 9. Plaintiff is incorrect. *See Iqbal*, 129 S.Ct. at 1944 (Rule 8 pleading "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible"). Plaintiff must set forth "more than a sheer possibility that a defendant has acted unlawfully" *Id.* at 1949. Plaintiff's entire claim consists of the vague allegation that ASC somehow violated Section 1681s-2(b) of the FCRA, by "mak[ing] false statements to credit bureaus and neglect[ing] to make true statements to credit bureaus" regarding her debt obligations. *See* Compl. ¶¶ 137; *see also* 2d Am. Compl. ¶ 173. This Court previously deemed such allegations insufficient as a matter of law. Mem. Op. at 17, Dkt. 120.

In addition, just as with Plaintiff's alleged RICO and FDCPA claims, Plaintiff is improperly attempting to relitigate her state foreclosure proceeding. The only purported false statement Plaintiff references in the Complaint is regarding an alleged "excessive amount of debt for which Plaintiff was tricked and deceived into signing." *See* Compl. ¶ 137. The only "debt" at issue in Plaintiff's Complaint is the Loan that the state court has already ruled US Bank had legal authority to collect. Mem. Op. at 6, Dkt. 112. As such, Plaintiff's alleged FCRA claim is also

9

barred by the *Rooker-Feldman* doctrine because it is "inextricably intertwined with the state court judgment of foreclosure." *See supra* at 5, 8. Plaintiff's FCRA claim should also be dismissed with prejudice.

## **CONCLUSION**

For the reasons set forth above and in Defendants' Memorandum in Support, Dkt. No. 134, Defendants US Bank and ASC respectfully request that Counts I-II, and IV-V be dismissed with prejudice under Rules 9(b) and 12(b)(6).

Dated: September 15, 2011                    Respectfully submitted,


                                             By:  /s/ Michelle V. Dohra_____

                                             Lucia Nale
                                             Michelle V. Dohra
                                             MAYER BROWN LLP
                                             71 S. Wacker Drive
                                             Chicago, Illinois  60606
                                             (312) 782-0600
                                             (312) 701-7711 (facsimile)
                                             Firm I.D. 43948

                                             *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on September 15, 2011, she caused copies of Defendants U.S. Bank, N.A. and America's Servicing Company's Reply in Support of Their Motion to Dismiss Plaintiff's Third Amended Complaint for Failure to State a Claim to be served on all registered counsel via the Northern District of Illinois Electronic Filing System and by U.S. Mail, postage prepaid, to

Selena Jones
3622 Cherry Hill Drive
Flossmoor, Illinois 606422

By:  /s/ Michelle V. Dohra

Michelle V. Dohra